1  Michael J. Wise, Bar No. 143501
   MWise@perkinscoie.com
2  Joseph P. Hamilton, Bar No. 211544
   JHamilton@perkinscoie.com
3  Lara J. Dueppen, Bar No. 259075
   LDueppen@perkinscoie.com
4  Michael J. Song, Bar No. 243675
   MSong@perkinscoie.com
5  Courtney M. Prochnow, Bar No. 292093
   CProchnow@perkinscoie.com
6  PERKINS COIE LLP
7  1888 Century Park East, Suite 1700
   Los Angeles, CA  90067-1721
8  Telephone:  310.788.9900
   Facsimile:  310.788.3399
9

10

11                 UNITED STATES DISTRICT COURT
12                 CENTRAL DISTRICT OF CALIFORNIA
13

14  FONTEM VENTURES B.V., a            Case No. CV16-2291
    Netherlands company; and FONTEM
15  HOLDINGS 1 B.V., a Netherlands     **COMPLAINT FOR PATENT
    company,                          INFRINGEMENT**
16
                                      **DEMAND FOR JURY TRIAL**
17            Plaintiffs,

18        v.

19  NU MARK LLC, a Virginia Limited
    Liability Company,
20
              Defendant.
21

22

23

24

25

26

27

28

For their Complaint ("Complaint") against Defendant Nu Mark LLC ("Nu Mark" or "Defendant"), Plaintiff Fontem Ventures B.V. ("Fontem Ventures") and Plaintiff Fontem Holdings 1 B.V. ("Fontem Holdings") allege as follows:

**JURISDICTION AND VENUE**

1.      This is a civil action for patent infringement arising under Title 35 of the United States Code, and in particular 35 U.S.C. §§ 271, 282, 284, and 285.

2.      This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because it solicits and conducts business in California, including the provision of goods, derives revenue from goods sold in California and within this judicial district, and has committed acts of infringement in this judicial district, including but not limited to offering to sell and selling the accused products in this judicial district.

4.      Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**PARTIES**

5.      Plaintiff Fontem Ventures is a company organized and existing under the laws of the Netherlands, with its principal place of business at 12th Floor, 101 Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.  Fontem Ventures is in the business of developing innovative non-tobacco products, including electronic cigarettes.

6.      Plaintiff Fontem Holdings is a company organized and existing under the laws of the Netherlands, with its principal place of business at 12th Floor, 101 Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.

7.      Plaintiffs Fontem Ventures and Fontem Holdings (together, "the Plaintiffs") are informed and believe that Defendant Nu Mark LLC is a Limited Liability Company organized and existing under the laws of the State of Virginia, having its principal place of business at 6603 West Broad Street, Richmond

Virginia 23230.  Nu Mark is doing business in this judicial district related to the claims asserted in this Complaint.

8.      Plaintiffs Fontem Ventures and Fontem Holdings are informed and believe that Nu Mark is wholly-owned by Altria Group, Inc. ("Altria") such that Nu Mark is an affiliate or subsidiary of Altria.

**FIRST CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 8,365,742)

9.      The Plaintiffs incorporate by reference the allegations contained in paragraphs 1–8 above.

10.      Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,365,742 ("the '742 Patent") (Exhibit A).  Fontem Holdings has granted Fontem Ventures an exclusive license to the '742 Patent, including the right to sublicense the '742 Patent.  The '742 Patent was duly and legally issued by the USPTO on February 5, 2013 and is valid, subsisting, and in full force and effect.

11.      The Plaintiffs are informed and believe that Defendant has had knowledge of the '742 Patent and of the Plaintiffs' rights therein.

12.      On May 11, 2015, third party Vapor Corp served a subpoena identifying the '742 Patent on Altria, together with its affiliates and subsidiaries. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 2-1 at 12, ¶ 8 (Exhibit I); 2-2 at 12, ¶ 18 (E.D. VA, May 26, 2015) (Exhibit J).

13.      In response to that subpoena, Altria, together with is affiliates and subsidiaries, acknowledged the existence of the '742 Patent in a motion to quash filed in the District Court for the Eastern District of Virginia on May 26, 2015 by Altria.  *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 1 at 1 (Exhibit K); 2 at 1–2 (Exhibit L); 2-3 at p. 3, ¶ 10 (Exhibit R).

14.      Accordingly, Nu Mark, an affiliate or subsidiary of Altria, has had knowledge of the '742 Patent since at least May 11, 2015.

15. At all relevant times, Defendant and the public in general have had notice of the '742 Patent because the Plaintiffs have marked the packaging of their products embodying the '742 Patent in accordance with 35 U.S.C. § 287.

16. Defendant infringes the '742 Patent both literally and pursuant to the doctrine of equivalents.

17. Defendant has directly infringed the '742 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '742 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

18. Examples of electronic cigarette products that directly infringe the '742 Patent include, but are not limited to, (1) the MarkTen Device ("MarkTen"); (2) the MarkTen Battery (Extended or Standard); (3) the MarkTen Cartridge (collectively, "the MarkTen Products"); (4) the MarkTenXL Device ("MarkTenXL"); (5) the MarkTenXL Battery; and (6) the MarkTenXL Cartridge (collectively, "the MarkTenXL Products"); and (7) the Green Smoke E-Cigarette; (8) the GreenSmoke Cartridge; and (9) the GreenSmoke Battery (collectively "the GreenSmoke Products").

19. The MarkTen Products, MarkTenXL Products, and GreenSmoke Products infringe at least claims 2 and 3 of the '742 Patent.

20. The photographs of the MarkTen Products, MarkTenXL Products, and GreenSmoke Products set forth herein accurately show the features of those products.

**MarkTen**

21. As shown in the photographs of paragraphs 22 through 28 below, the MarkTen meets every limitation recited in claim 2 of the '742 Patent.

22.     The MarkTen is an electronic cigarette as recited in claim 2 of the '742 Patent.



23.     The MarkTen includes "a battery assembly [200] and an atomizer assembly [300] within a housing [120] with the battery assembly [200] electrically connected to the atomizer assembly [300]" as recited in claim 2 of the '742 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 5 of 313

24.     The MarkTen includes "a liquid storage component [330] in the housing [120]" as recited in claim 2 of the '742 Patent.



25.     The MarkTen includes a "housing [120] having one or more through-air-inlets [140]" as recited in claim 2 of the '742 Patent.



26.     The MarkTen includes an "atomizer assembly [300] including a porous component [324] supported by a frame [350] having a run-through hole [161]" as recited in claim 2 of the '742 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 6 of 313

27.     The MarkTen includes "a heating wire [323] wound on a part of the porous component [324] in the path of air flowing through the run-through hole [161]" as recited in claim 2 of the '742 Patent.



28.     The MarkTen includes a "porous component [324] substantially surrounded by the liquid storage component [330]" as recited in claim 2 of the '742 Patent.



29.     As shown in the photographs of paragraphs 30 through 35 below, the MarkTen meets every limitation recited in claim 3 of the '742 Patent.

30.     The MarkTen is an electronic cigarette as recited in claim 3 of the '742 Patent.



31.     The MarkTen includes "a battery assembly [200] and an atomizer assembly [300] within a housing [120] with the battery assembly [200] electrically connected to the atomizer assembly [300]" as recited in claim 3 of the '742 Patent.



32.    The MarkTen includes "the housing [120] having one or more through-air-inlets [140] and an outlet [150]" as recited in claim 3 of the '742 Patent.



33.    The MarkTen includes an "atomizer assembly [300] [that] includes a frame [350] having a run through hole [161], and a porous component [324] between the frame [350] and the outlet [150];" as recited in claim 3 of the '742 Patent.



34. The MarkTen includes "a heating wire [323] wound on a part of the porous component [324] which is substantially aligned with the run-through hole [161]" as recited in claim 3 of the '742 Patent.



35. The MarkTen includes "the porous component [324] in contact with a liquid supply [330] in the housing [120]" as recited in claim 3 of the '742 Patent.



**MarkTenXL**

36.     As shown in the photographs of paragraphs 37 through 43 below, the MarkTenXL meets every limitation recited in claim 2 of the '742 Patent.

37.     The MarkTenXL is an electronic cigarette as recited in claim 2 of the '742 Patent.



38.     The MarkTenXL includes "a battery assembly [200] and an atomizer assembly [300] within a housing [120] with the battery assembly [200] electrically connected to the atomizer assembly [300]" as recited in claim 2 of the '742 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 12 of 313



39.　The MarkTenXL includes "a liquid storage component [330] in the housing [120]" as recited in claim 2 of the '742 Patent.



40.　The MarkTenXL includes a "housing [120] having one or more through-air-inlets [140]" as recited in claim 2 of the '742 Patent.

1



41. The MarkTenXL includes an "atomizer assembly [300] including a porous component [324] supported by a frame [350] having a run-through hole [161]" as recited in claim 2 of the '742 Patent.

-13-

1    42.    The MarkTenXL includes "a heating wire [323] wound on a part of the

2    porous component [324] in the path of air flowing through the run-through hole

3    [161]" as recited in claim 2 of the '742 Patent.

4



20

21

22    43.    The MarkTenXL includes a "porous component [324] substantially

23    surrounded by the liquid storage component [330]" as recited in claim 2 of the '742

24    Patent.

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15

16    44.    As shown in the photographs of paragraphs 45 through 50 below, the

17 MarkTenXL meets every limitation recited in claim 3 of the '742 Patent.

18    45.    The MarkTenXL is an electronic cigarette as recited in claim 3 of the

19 '742 Patent.

20



21
22

23    46.    The MarkTenXL includes "a battery assembly [200] and an atomizer

24 assembly [300] within a housing [120] with the battery assembly [200] electrically

25 connected to the atomizer assembly [300]" as recited in claim 3 of the '742 Patent.

26
27
28



47. The MarkTenXL includes "the housing [120] having one or more through-air-inlets [140] and an outlet [150]" as recited in claim 3 of the '742 Patent.

48. The MarkTen XL includes an "atomizer assembly [300] [that] includes a frame [350] having a run through hole [161], and a porous component [324] between the frame [350] and the outlet [150];" as recited in claim 3 of the '742 Patent.



49. The MarkTenXL includes "a heating wire [323] wound on a part of the porous component [324] which is substantially aligned with the run-through hole [161]" as recited in claim 3 of the '742 Patent.



50.    The MarkTenXL includes "the porous component [324] in contact with a liquid supply [330] in the housing [120]" as recited in claim 3 of the '742 Patent.



**GreenSmoke**

51.     As shown in the photographs of paragraphs 52 through 58 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 2 of the '742 Patent.

52.     The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 2 of the '742 Patent.



53.     The GreenSmoke E-Cigarette includes "a battery assembly [200] and an atomizer assembly [300] within a housing [120] with the battery assembly [200] electrically connected to the atomizer assembly [300]" as recited in claim 2 of the '742 Patent.



54.     The GreenSmoke E-Cigarette includes "a liquid storage component [330] in the housing [120]" as recited in claim 2 of the '742 Patent.



55.     The GreenSmoke E-Cigarette includes a "housing [120] having one or more through-air-inlets [140]" as recited in claim 2 of the '742 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 21 of 313

56.     The GreenSmoke E-Cigarette includes an "atomizer assembly [300] including a porous component [324] supported by a frame [350] having a run-through hole [161]" as recited in claim 2 of the '742 Patent.



57.     The GreenSmoke E-Cigarette includes "a heating wire [323] wound on a part of the porous component [324] in the path of air flowing through the run-through hole [161]" as recited in claim 2 of the '742 Patent.

-21-



58.     The GreenSmoke E-Cigarette includes a "porous component [324] substantially surrounded by the liquid storage component [330]" as recited in claim 2 of the '742 Patent.

59.    As shown in the photographs of paragraphs 60 through 65 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 3 of the '742 Patent.

60.    The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 3 of the '742 Patent.



61.    The GreenSmoke E-Cigarette includes "a battery assembly [200] and an atomizer assembly [300] within a housing [120] with the battery assembly [200] electrically connected to the atomizer assembly [300]" as recited in claim 3 of the '742 Patent.



62.    The GreenSmoke E-Cigarette includes "the housing [120] having one or more through-air-inlets [140] and an outlet [150]" as recited in claim 3 of the '742 Patent.

-23-



63.     The GreenSmoke E-Cigarette includes an "atomizer assembly [300] [that] includes a frame [350] having a run through hole [161], and a porous component [324] between the frame [350] and the outlet [150];" as recited in claim 3 of the '742 Patent.

64.     The GreenSmoke E-Cigarette includes "a heating wire [323] wound on a part of the porous component [324] which is substantially aligned with the run-through hole [161]" as recited in claim 3 of the '742 Patent.



65.     The GreenSmoke E-Cigarette includes "the porous component [324] in contact with a liquid supply [330] in the housing [120]" as recited in claim 3 of the '742 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 26 of 313

66.     Defendant has contributed to the infringement of the '742 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '742 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when used by its customers, result in direct infringement of the '742 Patent, within the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

67.     Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '742 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

68.     The Plaintiffs are informed and believe that having knowledge of the '742 Patent, Defendant has been aware that the use of the MarkTen Products,

MarkTenXL Products, and GreenSmoke Products by Defendant's customers results in direct infringement of the '742 Patent.

69.     Defendant instructs users to use the MarkTen Products, MarkTenXL Products, and GreenSmoke Products in a manner that infringes the '742 Patent.[1]

70.     Defendant further instructs users to use a replacement MarkTen or MarkTenXL Cartridge when a MarkTen or MarkTenXL Cartridge is depleted, or to use a replacement MarkTen or MarkTenXL Battery when a MarkTen or MarkTenXL Battery is depleted.

71.     Defendant further instructs users that "MarkTen® e-vapor products are designed to work together[,]" and that "[u]sing MarkTen® e-vapor products with non-MarkTen® e-vapor products may be unsafe, and is not advised."[2]

72.     Defendant further instructs that "[c]ustomers should note that using MarkTen® e-vapor products with another brand's e-vapor products will invalidate the warranty."[3]

73.     Defendant instructs users to use a replacement GreenSmoke Cartridge when a GreenSmoke Cartridge is depleted, or to use a replacement GreenSmoke Battery when a GreenSmoke Battery is depleted.[4]

---

[1]     See, e.g., MarkTen® Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/current-gen-product-info-guide.pdf (last visited April 4, 2016) (Exhibit M); MarkTen®XL Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/XL-product-info-guide.pdf (last visited April 4, 2016) (Exhibit N); How to Use Your E-Cig Starter Kit, https://www.greensmoke.com/ecig-info/how-to-use-your-e-cig-starter-kit.html (last visited April 4, 2016) (Exhibit O).

[2]     Why do I have to use your cartridges only with your batteries, and your batteries only with your cartridges?  https://www.markten.com/faq (last visited April 4, 2016) (Exhibit P).

[3]     Id.

[4]     See, e.g., How Do Green Smoke® E-Cigarettes Work? https://www.greensmoke.com/ecig-info/how-electronic-cigarettes-work.html (last visited April 4, 2016) (Exhibit Q).

74.     As such, Defendant knows that the MarkTen Products, MarkTenXL Products, and GreenSmoke Products, including the replacement Cartridges and replacement batteries sold separately, have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes the '742 Patent, and therefore that they are especially made or adapted for use in infringement of the '742 Patent.

75.     As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to lost profits on the infringing sales the Plaintiffs may have made and reasonable royalties on sales not made.  The Plaintiffs are also entitled to their costs of suit and interest.

76.     Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs, such as reduction of the Plaintiffs' proper market share and deprivation of the Plaintiffs' rights to exclude others.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

77.     In view of Defendant's knowledge of the '742 Patent, Defendant has proceeded to infringe the '742 patent despite an objectively high likelihood that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '742 Patent is willful and deliberate, entitling the Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S. C. § 285.

## SECOND CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 8,375,957)

78.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1–77 above.

79. Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,375,957 ("the '957 Patent") (Exhibit B). Fontem Holdings has granted Fontem Ventures an exclusive license to the '957 Patent, including the right to sublicense the '957 Patent. The '957 Patent was duly and legally issued by the USPTO on February 19, 2013 and is valid, subsisting, and in full force and effect.

80. The Plaintiffs are informed and believe that Defendant has had knowledge of the '957 Patent and of the Plaintiffs' rights therein.

81. On May 11, 2015, third party Vapor Corp served a subpoena identifying the '957 Patent on Altria, together with its affiliates and subsidiaries. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 2-1 at 12–13, ¶ 8 (Exhibit I); 2-2 at 12, ¶ 18 (E.D. VA, May 26, 2015) (Exhibit J).

82. In response to that subpoena, Altria, together with is affiliates and subsidiaries, acknowledged the existence of the '957 Patent in a motion to quash filed in the District Court for the Eastern District of Virginia on May 26, 2015 by Altria. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 1 at 1 (Exhibit K); 2 at 1–2 (Exhibit L); 2-3 at p. 3, ¶ 10 (Exhibit R).

83. Accordingly, Nu Mark, an affiliate or subsidiary of Altria, has had knowledge of the '957 Patent since at least May 11, 2015.

84. At all relevant times, Defendant and the public in general have had notice of the '957 Patent because the Plaintiffs have marked the packaging of their products embodying the '957 Patent in accordance with 35 U.S.C. § 287.

85. Defendant infringes the '957 Patent both literally and pursuant to the doctrine of equivalents.

86. Defendant has directly infringed the '957 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '957 Patent,

-29-

within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

87.     Examples of electronic cigarette products that directly infringe the '957 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

88.     The MarkTen Products, MarkTenXL Products, and GreenSmoke Products infringe at least claims 1, 6, 8, 9, 10, 11, 16, 21, 22, and 23 of the '957 Patent.

89.     The MarkTen Products further infringe claims 7, 17, and 18 of the '957 Patent.

90.     The MarkTenXL Products and GreenSmoke Products further infringe claims 3 and 14 of the '957 Patent.

**MarkTen**

91.     As shown in the photographs of paragraphs 92 through 99 below, the MarkTen meets every limitation recited in claim 1 of the '957 Patent.

92.     The MarkTen is an electronic cigarette as recited in claim 1 of the '957 Patent.



93.     The MarkTen includes "a battery assembly [200] comprising a battery assembly housing [120b] having a first end and a second end, with a battery [210], a micro-controller unit (MCU) [221] and a sensor [230] electrically connected to a circuit board [220] within the battery assembly housing [120b]" as recited in claim 1 of the '957 Patent.



94.     The MarkTen includes "a primary screwthread electrode [160b] located on the first end of the battery assembly housing and having a hole through its center [161b]" as recited in claim 1 of the '957 Patent.



95.  The MarkTen includes "an atomizer assembly [300]" as recited in claim 1 of the '957 Patent.



96.  The MarkTen includes "an atomizer assembly housing [120a] having a first end and a second end" as recited in claim 1 of the '957 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 33 of 313

1      97.    The MarkTen includes "an atomizer [320], and a solution storage area
2  [330] in the atomizer assembly housing [120a]" as recited in claim 1 of the '957
3  Patent.



20      98.    The MarkTen includes "a secondary screwthread electrode [160a]
21  located on the second end of the atomizer assembly housing [120a] and having a
22  hole through its center [161a], the battery assembly [200] and the atomizer
23  assembly [300] connected through the primary and secondary screwthread
24  electrodes [160a, 160b]" as recited in claim 1 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 34 of 313

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16      99.     The MarkTen includes an "atomizer [320] including a heater coil [323]

17  wound around a porous component [324]" as recited in claim 1 of the '957 Patent.

18
19
20
21
22
23
24
25
26
27
28



100.  As shown in the photographs of paragraph 101 below, the MarkTen meets every limitation recited in claim 6 of the '957 Patent as follows:

101.  The MarkTen includes a "sensor [comprising] a switch sensor, a Hall element, a semiconductor force-sensitive chip, a semiconductor matrix thermoelectric bridge chip, a capacitance sensor [230] or an inductance sensor" as recited in claim 6 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 36 of 313



102.    As shown in the photographs of paragraph 103 below, the MarkTen meets every limitation recited in claim 7 of the '957 Patent as follows:

103.    The MarkTen includes an "atomizer assembly [300] [having] an air intake hole [140] at the secondary screwthread electrode [160a]" as recited in claim 7 of the '957 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 37 of 313

104.   As shown in the photographs of paragraph 105 below, the MarkTen meets every limitation recited in claim 8 of the '957 Patent as follows:

105.   The MarkTen "further [comprises] a fiber material within the solution storage area [330]" as recited in claim 8 of the '957 Patent.



106.   As shown in the photographs of paragraph 107 below, the MarkTen meets every limitation recited in claim 9 of the '957 Patent as follows:

107.   The MarkTen includes "the porous component [324] that the heater coil [323] is wound around comprising a fiber material" as recited in claim 9 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 38 of 313





108.   As shown in the photographs of paragraphs 109 through 117 below, the MarkTen meets every limitation recited in claim 10 of the '957 Patent as follows:

109.   The MarkTen is an electronic cigarette as recited in claim 10 of the '957 Patent.





110.   The MarkTen includes "a battery assembly housing [120b] having a first end and a second end" as recited in claim 10 of the '957 Patent.



111.   The MarkTen includes "a battery [210] connected to a circuit board [220] within the battery assembly housing [120b]" as recited in claim 10 of the '957 Patent.



112.   The MarkTen includes "a primary screwthread [160b] electrode located on the first end of the battery assembly housing [120b]" as recited in claim 10 of the '957 Patent.

-39-



113.   The MarkTen includes "an atomizer assembly [300]" as recited in claim 10 of the '957 Patent.

114.   The MarkTen includes "an atomizer assembly housing [120a] having a first end and a second end" as recited in claim 10 of the '957 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 41 of 313

115.   The MarkTen includes "a secondary screwthread electrode [160a] located on the second end of the atomizer assembly housing [120a] with the battery assembly [200] and the atomizer assembly [300] connected through the primary and secondary screwthread electrodes [160a, 160b]" as recited in claim 10 of the '957 Patent.



116.   The MarkTen includes "an atomizer [320] in the atomizer assembly housing [120a], with atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 10 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 42 of 313

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17   117.   The MarkTen includes "a solution assembly [332], which comprises, a

18   suction nozzle [150] at a first end of the solution assembly, and a solution storage

19   area [330] with a liquid containing fiber material in the solution storage area [330]"

20   as recited in claim 10 of the '957 Patent.

21
22
23
24
25
26
27
28



118.   As shown in the photograph of paragraph 119 below, the MarkTen meets every limitation recited in claim 11 of the '957 Patent as follows:

119.   The MarkTen includes "the porous component [324] that the heater coil [323] is wound around comprising a fiber material" as recited in claim 11 of the '957 Patent.



-43-

120.   As shown in the photographs of paragraph 121 below, the MarkTen meets every limitation recited in claim 16 of the '957 Patent as follows:

121.   The MarkTen includes "the battery assembly [200] further [comprising] a micro controller unit (MCU) [221] electrically connected to the circuit board [220]" as recited in claim 16 of the '957 Patent.



122.   As shown in the photographs of paragraph 123 below, the MarkTen meets every limitation recited in claim 17 of the '957 Patent as follows:

123.   The MarkTen includes "the atomizer assembly [300] [having] an air intake hole [140]" as recited in claim 17 of the '957 Patent.



-44-

124. As shown in the photographs of paragraph 125 below, the MarkTen meets every limitation recited in claim 18 of the '957 Patent as follows:

125. The MarkTen includes "the air intake hole [140] at the secondary screwthread" as recited in claim 18 of the '957 Patent.



126. As shown in the photographs of paragraph 127 below, the MarkTen meets every limitation recited in claim 21 of the '957 Patent as follows:

127. The MarkTen includes "the primary screwthread electrode [160b] [connecting] to a charger [400]" as recited in claim 21 of the '957 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 46 of 313

1    128.   As shown in the photographs of paragraph 129 below, the MarkTen
2    meets every limitation recited in claim 22 of the '957 Patent as follows:

3    129.   The MarkTen includes "at least one of the primary and the secondary
4    screwthread electrodes [160a, 160b] having a hole through its center [161a, 161b]"
5    as recited in claim 22 of the '957 Patent.



14    130.   As shown in the photographs of paragraphs 131 through 138 below,
15    the MarkTen meets every limitation recited in claim 23 of the '957 Patent as
16    follows:

17    131.   The MarkTen is an electronic cigarette as recited in claim 23 of the
18    '957 Patent.



-46-

132.  The MarkTen includes a "battery assembly [200] including a battery assembly housing [120b] having a front end and a back end, with a battery [210], a micro-controller unit (MCU) [221] and a sensor [230] electrically connected to a circuit board [220] within the battery assembly housing [120b]" as recited in claim 23 of the '957 Patent.



133.  The MarkTen includes "a first screwthread electrode [160b] located on the back end of the battery assembly housing [120b]" as recited in claim 23 of the '957 Patent.



134.    The MarkTen includes "an atomizer assembly [300]" as recited in claim 23 of the '957 Patent.



135.    The MarkTen includes "an atomizer assembly housing [120a] having a front end and a back end" as recited in claim 23 of the '957 Patent.



136.    The MarkTen includes "an atomizer [320], and a solution storage area [330] in the atomizer assembly housing [120a]" as recited in claim 23 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 49 of 313

137.   The MarkTen includes "a second screwthread electrode [160a] located on the front end of the atomizer assembly housing [120a], the battery assembly [200] and the atomizer assembly [300] connected through the first and second screwthread electrodes [160a, 160b]" as recited in claim 23 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 50 of 313



138.   The MarkTen includes "the atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 23 of the '957 Patent.

1



2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19     **MarkTenXL**

20          139.   As shown in the photographs of paragraphs 140 through 147 below,

21     the MarkTenXL meets every limitation recited in claim 1 of the '957 Patent.

22          140.   The MarkTenXL is an electronic cigarette as recited in claim 1 of the

23     '957 Patent.

24

25     

26

27          141.   The MarkTenXL includes "a battery assembly [200] comprising a

28     battery assembly housing [120b] having a first end and a second end, with a battery

[210], a micro-controller unit (MCU) [221] and a sensor [230] electrically connected to a circuit board [220] within the battery assembly housing [120b]" as recited in claim 1 of the '957 Patent.



142.    The MarkTenXL includes "a primary screwthread electrode [160b] located on the first end of the battery assembly housing and having a hole through its center [161b]" as recited in claim 1 of the '957 Patent.



143.   The MarkTenXL includes "an atomizer assembly [300]" as recited in claim 1 of the '957 Patent.



144.   The MarkTenXL includes "an atomizer assembly housing [120a] having a first end and a second end" as recited in claim 1 of the '957 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 54 of 313

1

2          145.   The MarkTenXL includes "an atomizer [320], and a solution storage

3    area [330] in the atomizer assembly housing [120a]" as recited in claim 1 of the

4    '957 Patent.



19          146.   The MarkTenXL includes "a secondary screwthread electrode [160a]

20   located on the second end of the atomizer assembly housing [120a] and having a

21   hole through its center [161a], the battery assembly [200] and the atomizer

22   assembly [300] connected through the primary and secondary screwthread

23   electrodes [160a, 160b]" as recited in claim 1 of the '957 Patent.

24

25

26

27

28



147.   The MarkTenXL includes an "atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 1 of the '957 Patent.



148.   As shown in the photographs of paragraph 149 below, the MarkTenXL meets every limitation recited in claim 3 of the '957 Patent as follows:

149.   The MarkTenXL is an electronic cigarette "wherein the primary screwthread electrode [160b] is an external screwthread electrode and the secondary screwthread electrode [160a] is an internal screwthread electrode" as recited in claim 3 of the '957 Patent.



150.   As shown in the photographs of paragraph 151 below, the MarkTenXL meets every limitation recited in claim 6 of the '957 Patent as follows:

151.   The MarkTenXL includes a "sensor [comprising] a switch sensor, a Hall element, a semiconductor force-sensitive chip, a semiconductor matrix thermoelectric bridge chip, a capacitance sensor [230] or an inductance sensor" as recited in claim 6 of the '957 Patent.



152.   As shown in the photographs of paragraph 153 below, the MarkTenXL meets every limitation recited in claim 8 of the '957 Patent as follows:

153.   The MarkTenXL "further [comprises] a fiber material within the solution storage area [330]" as recited in claim 8 of the '957 Patent.

154.    As shown in the photographs of paragraph 155 below, the MarkTenXL meets every limitation recited in claim 9 of the '957 Patent as follows:

155.    The MarkTenXL includes "the porous component [324] that the heater coil [323] is wound around comprising a fiber material" as recited in claim 9 of the '957 Patent.



156.   As shown in the photographs of paragraphs 157 through 165 below, the MarkTenXL meets every limitation recited in claim 10 of the '957 Patent as follows:

157.   The MarkTenXL is an electronic cigarette as recited in claim 10 of the '957 Patent.



158.   The MarkTenXL includes "a battery assembly housing [120b] having a first end and a second end" as recited in claim 10 of the '957 Patent.



159.   The MarkTenXL includes "a battery [210] connected to a circuit board [220] within the battery assembly housing [120b]" as recited in claim 10 of the '957 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 60 of 313

160.   The MarkTenXL includes "a primary screwthread [160b] electrode located on the first end of the battery assembly housing [120b]" as recited in claim 10 of the '957 Patent.



161.   The MarkTenXL includes "an atomizer assembly [300]" as recited in claim 10 of the '957 Patent.



162.   The MarkTenXL includes "an atomizer assembly housing [120a] having a first end and a second end" as recited in claim 10 of the '957 Patent.



1    163.   The MarkTenXL includes "a secondary screwthread electrode [160a]
2    located on the second end of the atomizer assembly housing [120a] with the battery
3    assembly [200] and the atomizer assembly [300] connected through the primary and
4    secondary screwthread electrodes [160a, 160b]" as recited in claim 10 of the '957
5    Patent.



16   164.   The MarkTenXL includes "an atomizer [320] in the atomizer assembly
17   housing [120a], with atomizer [320] including a heater coil [323] wound around a
18   porous component [324]" as recited in claim 10 of the '957 Patent.



165.   The MarkTenXL includes "a solution assembly [332], which comprises, a suction nozzle [150] at a first end of the solution assembly, and a solution storage area [330] with a liquid containing fiber material in the solution storage area [330]" as recited in claim 10 of the '957 Patent.



166.   As shown in the photograph of paragraph 167 below, the MarkTenXL meets every limitation recited in claim 11 of the '957 Patent as follows:

167.   The MarkTenXL includes "the porous component [324] that the heater coil [323] is wound around comprising a fiber material" as recited in claim 11 of the '957 Patent.



168.   As shown in the photographs of paragraph 169 below, the MarkTenXL meets every limitation recited in claim 14 of the '957 Patent as follows:

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 64 of 313

169.   The MarkTenXL is an electronic cigarette "wherein the primary screwthread electrode [160b] is an external screwthread electrode and the secondary screwthread electrode [160a] is an internal screwthread electrode" as recited in claim 14 of the '957 Patent.



170.   As shown in the photographs of paragraph 171 below, the MarkTenXL meets every limitation recited in claim 16 of the '957 Patent as follows:

171.   The MarkTenXL includes "the battery assembly [200] further [comprising] a micro controller unit (MCU) [221] electrically connected to the circuit board [220]" as recited in claim 16 of the '957 Patent.

1
2
3
4
5
6
7
8
9
10
11
12



13    172.   As shown in the photographs of paragraph 173 below, the MarkTenXL

14   meets every limitation recited in claim 21 of the '957 Patent as follows:

15    173.   The MarkTenXL includes "the primary screwthread electrode [160b]

16   [connecting] to a charger [400]" as recited in claim 21 of the '957 Patent.

17



18
19
20
21
22
23
24
25

26    174.   As shown in the photographs of paragraph 175 below, the MarkTenXL

27   meets every limitation recited in claim 22 of the '957 Patent as follows:

28

175.    The MarkTenXL includes "at least one of the primary and the secondary screwthread electrodes [160a, 160b] having a hole through its center [161a, 161b]" as recited in claim 22 of the '957 Patent.





176.    As shown in the photographs of paragraphs 177 through 184 below, the MarkTenXL meets every limitation recited in claim 23 of the '957 Patent as follows:

177.    The MarkTenXL is an electronic cigarette as recited in claim 23 of the '957 Patent.



178.   The MarkTenXL includes a "battery assembly [200] including a battery assembly housing [120b] having a front end and a back end, with a battery [210], a micro-controller unit (MCU) [221] and a sensor [230] electrically connected to a circuit board [220] within the battery assembly housing [120b]" as recited in claim 23 of the '957 Patent.



179.   The MarkTenXL includes "a first screwthread electrode [160b] located on the back end of the battery assembly housing [120b]" as recited in claim 23 of the '957 Patent.



-67-

180.   The MarkTenXL includes "an atomizer assembly [300]" as recited in claim 23 of the '957 Patent.



181.   The MarkTenXL includes "an atomizer assembly housing [120a] having a front end and a back end" as recited in claim 23 of the '957 Patent.



182.   The MarkTenXL includes "an atomizer [320], and a solution storage area [330] in the atomizer assembly housing [120a]" as recited in claim 23 of the '957 Patent.



183.   The MarkTenXL includes "a second screwthread electrode [160a] located on the front end of the atomizer assembly housing [120a], the battery assembly [200] and the atomizer assembly [300] connected through the first and second screwthread electrodes [160a, 160b]" as recited in claim 23 of the '957 Patent.



184.   The MarkTenXL includes "the atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 23 of the '957 Patent.



**GreenSmoke**

185.   As shown in the photographs of paragraphs 186 through 193 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 1 of the 957 Patent.

186.   The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 1 of the '957 Patent.



187.    The GreenSmoke E-Cigarette includes "a battery assembly [200] comprising a battery assembly housing [120b] having a first end and a second end, with a battery [210], a micro-controller unit (MCU) [221] and a sensor [230] electrically connected to a circuit board [220] within the battery assembly housing [120b]" as recited in claim 1 of the '957 Patent.



188.    The GreenSmoke E-Cigarette includes "a primary screwthread electrode [160b] located on the first end of the battery assembly housing and having a hole through its center [161b]" as recited in claim 1 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 72 of 313



189.    The GreenSmoke E-Cigarette includes "an atomizer assembly [300]" as recited in claim 1 of the '957 Patent.



190.    The GreenSmoke E-Cigarette includes "an atomizer assembly housing [120a] having a first end and a second end" as recited in claim 1 of the '957 Patent.



191.   The GreenSmoke E-Cigarette includes "an atomizer [320], and a solution storage area [330] in the atomizer assembly housing [120a]" as recited in claim 1 of the '957 Patent.



192.   The GreenSmoke E-Cigarette includes "a secondary screwthread electrode [160a] located on the second end of the atomizer assembly housing [120a] and having a hole through its center [161a], the battery assembly [200] and the atomizer assembly [300] connected through the primary and secondary screwthread electrodes [160a, 160b]" as recited in claim 1 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 74 of 313



193.   The GreenSmoke E-Cigarette includes an "atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 1 of the '957 Patent.



194.   As shown in the photographs of paragraph 195 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 3 of the '957 Patent as follows:

195.   The GreenSmoke E-Cigarette is an electronic cigarette "wherein the primary screwthread electrode [160b] is an external screwthread electrode and the secondary screwthread electrode [160a] is an internal screwthread electrode" as recited in claim 3 of the '957 Patent.



196. As shown in the photographs of paragraph 197 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 6 of the '957 Patent as follows:

197. The GreenSmoke E-Cigarette includes a "sensor [comprising] a switch sensor, a Hall element, a semiconductor force-sensitive chip, a semiconductor matrix thermoelectric bridge chip, a capacitance sensor [230] or an inductance sensor" as recited in claim 6 of the '957 Patent.



198. As shown in the photographs of paragraph 199 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 8 of the '957 Patent as follows:

199. The GreenSmoke E-Cigarette "further [comprises] a fiber material within the solution storage area [330]" as recited in claim 8 of the '957 Patent.



200. As shown in the photographs of paragraph 201 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 9 of the '957 Patent as follows:

201. The GreenSmoke E-Cigarette includes "the porous component [324] that the heater coil [323] is wound around comprising a fiber material" as recited in claim 9 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 78 of 313



202.    As shown in the photographs of paragraphs 203 through 211 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 10 of the '957 Patent as follows:

203.    The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 10 of the '957 Patent.

204.    The GreenSmoke E-Cigarette includes "a battery assembly housing [120b] having a first end and a second end" as recited in claim 10 of the '957 Patent.

-78-



205.   The GreenSmoke E-Cigarette includes "a battery [210] connected to a circuit board [220] within the battery assembly housing [120b]" as recited in claim 10 of the '957 Patent.

206.   The GreenSmoke E-Cigarette includes "a primary screwthread [160b] electrode located on the first end of the battery assembly housing [120b]" as recited in claim 10 of the '957 Patent.



207.   The GreenSmoke E-Cigarette includes "an atomizer assembly [300]" as recited in claim 10 of the '957 Patent.



208.   The GreenSmoke E-Cigarette includes "an atomizer assembly housing [120a] having a first end and a second end" as recited in claim 10 of the '957 Patent.



209.   The GreenSmoke E-Cigarette includes "a secondary screwthread electrode [160a] located on the second end of the atomizer assembly housing [120a] with the battery assembly [200] and the atomizer assembly [300] connected through the primary and secondary screwthread electrodes [160a, 160b]" as recited in claim 10 of the '957 Patent.

210.   The GreenSmoke E-Cigarette includes "an atomizer [320] in the atomizer assembly housing [120a], with atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 10 of the '957 Patent.



211.   The GreenSmoke E-Cigarette includes "a solution assembly [332], which comprises, a suction nozzle [150] at a first end of the solution assembly, and a solution storage area [330] with a liquid containing fiber material in the solution storage area [330]" as recited in claim 10 of the '957 Patent.



212. As shown in the photograph of paragraph 213 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 11 of the '957 Patent as follows:

213. The GreenSmoke E-Cigarette includes "the porous component [324] that the heater coil [323] is wound around comprising a fiber material" as recited in claim 11 of the '957 Patent.



214. As shown in the photographs of paragraph 215 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 14 of the '957 Patent as follows:

215.   The GreenSmoke E-Cigarette is an electronic cigarette "wherein the primary screwthread electrode [160b] is an external screwthread electrode and the secondary screwthread electrode [160a] is an internal screwthread electrode" as recited in claim 14 of the '957 Patent.



216.   As shown in the photographs of paragraph 217 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 16 of the '957 Patent as follows:

217.   The GreenSmoke E-Cigarette includes "the battery assembly [200] further [comprising] a micro controller unit (MCU) [221] electrically connected to the circuit board [220]" as recited in claim 16 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 85 of 313



218.   As shown in the photographs of paragraph 219 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 21 of the '957 Patent as follows:

219.   The GreenSmoke E-Cigarette includes "the primary screwthread electrode [160b] [connecting] to a charger [400]" as recited in claim 21 of the '957 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 86 of 313

220.   As shown in the photographs of paragraph 221 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 22 of the '957 Patent as follows:

221.   The GreenSmoke E-Cigarette includes "at least one of the primary and the secondary screwthread electrodes [160a, 160b] having a hole through its center [161a, 161b]" as recited in claim 22 of the '957 Patent.



222.   As shown in the photographs of paragraphs 223 through 230 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 23 of the '957 Patent as follows:

223.   The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 23 of the '957 Patent.



224.   The GreenSmoke E-Cigarette includes a "battery assembly [200] including a battery assembly housing [120b] having a front end and a back end, with a battery [210], a micro-controller unit (MCU) [221] and a sensor [230] electrically connected to a circuit board [220] within the battery assembly housing [120b]" as recited in claim 23 of the '957 Patent.



225.   The GreenSmoke E-Cigarette includes "a first screwthread electrode [160b] located on the back end of the battery assembly housing [120b]" as recited in claim 23 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 88 of 313



226.   The GreenSmoke E-Cigarette includes "an atomizer assembly [300]" as recited in claim 23 of the '957 Patent.



227.   The GreenSmoke E-Cigarette includes "an atomizer assembly housing [120a] having a front end and a back end" as recited in claim 23 of the '957 Patent.

1



228.   The GreenSmoke E-Cigarette includes "an atomizer [320], and a solution storage area [330] in the atomizer assembly housing [120a]" as recited in claim 23 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 90 of 313

229. The GreenSmoke E-Cigarette includes "a second screwthread electrode [160a] located on the front end of the atomizer assembly housing [120a], the battery assembly [200] and the atomizer assembly [300] connected through the first and second screwthread electrodes [160a, 160b]" as recited in claim 23 of the '957 Patent.



230. The GreenSmoke E-Cigarette includes "the atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 23 of the '957 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 91 of 313



231.   Defendant has also contributed to the infringement of the '957 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '957 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of the '957 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

232.   Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '957 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

233. The Plaintiffs are informed and believe that having knowledge of the '957 Patent, Defendant has been aware that the use of the MarkTen Products, MarkTenXL Products, and GreenSmoke Products by Defendant's customers, results in direct infringement of the '957 Patent.

234. Defendant instructs users on how to use the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.[5]

235. Defendant instructs users to use a replacement MarkTen or MarkTenXL Cartridge when a MarkTen or MarkTenXL Cartridge is depleted, or to use a replacement MarkTen or MarkTenXL Battery when a MarkTen or MarkTenXL Battery is depleted.

236. Defendant further instructs users that "MarkTen® e-vapor products are designed to work together[,]" and that "[u]sing MarkTen® e-vapor products with non-MarkTen® e-vapor products may be unsafe, and is not advised."[6]

237. Defendant further instructs that "[c]ustomers should note that using MarkTen® e-vapor products with another brand's e-vapor products will invalidate the warranty."[7]

238. Defendant instructs users to use a replacement GreenSmoke Cartridge when a GreenSmoke Cartridge is depleted, or to use a replacement GreenSmoke Battery when a GreenSmoke Battery is depleted.[8]

---

[5] *See*, *e.g.*, MarkTen® Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/current-gen-product-info-guide.pdf (last visited April 4, 2016) (Exhibit M); MarkTen®XL Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/XL-product-info-guide.pdf (last visited April 4, 2016) (Exhibit N); How to Use Your E-Cig Starter Kit, https://www.greensmoke.com/ecig-info/how-to-use-your-e-cig-starter-kit.html (last visited April 4, 2016) (Exhibit O).

[6] Why do I have to use your cartridges only with your batteries, and your batteries only with your cartridges? https://www.markten.com/faq (last visited April 4, 2016) (Exhibit P).

[7] *Id.*

239.   As such, Defendant knows that the MarkTen Products, MarkTenXL Products, and GreenSmoke Products, including the replacement Cartridges and replacement batteries sold separately, have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes the '957 Patent, and therefore that they are especially made or adapted for use in infringement of the '957 Patent.

240.   As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to lost profits on the infringing sales the Plaintiffs may have made and reasonable royalties on sales not made.  The Plaintiffs are also entitled to their costs of suit and interest.

241.   Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs, such as reduction of the Plaintiffs' proper market share and deprivation of the Plaintiffs' rights to exclude others.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

242.   In view of Defendant's knowledge of the '957 Patent, Defendant has proceeded to infringe the '957 patent despite an objectively high likelihood that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '957 Patent is willful and deliberate, entitling the Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S. C. § 285.

## THIRD CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 8,393,331)

---

[8]   *See*, *e.g.*, How Do Green Smoke® E-Cigarettes Work? https://www.greensmoke.com/ecig-info/how-electronic-cigarettes-work.html (last visited April 4, 2016) (Exhibit Q).

243.   The Plaintiffs incorporate by reference the allegations contained in paragraphs 1–242 above.

244.   Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,393,331 ("the '331 Patent") (Exhibit C).  Fontem Holdings has granted Fontem Ventures an exclusive license to the '331 Patent, including the right to sublicense the '331 Patent.  The '331 Patent was duly and legally issued by the USPTO on March 12, 2013 and is valid, subsisting, and in full force and effect.

245.   The Plaintiffs are informed and believe that: Defendant has had knowledge of the '331 Patent, and of the Plaintiffs' rights therein.

246.   On May 11, 2015, third party Vapor Corp served a subpoena identifying the '331 Patent on Altria, together with its affiliates and subsidiaries. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 2-1 at 13, ¶ 8 (Exhibit I); 2-2 at 12, ¶ 18 (E.D. VA, May 26, 2015) (Exhibit J).

247.   In response to that subpoena, Altria, together with is affiliates and subsidiaries, acknowledged the existence of the '331 Patent in a motion to quash filed in the District Court for the Eastern District of Virginia on May 26, 2015 by Altria.  *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 1 at 1 (Exhibit K); 2 at 1–2 (Exhibit L); 2-3 at p. 3, ¶ 10 (Exhibit R).

248.   Accordingly, Nu Mark, an affiliate or subsidiary of Altria, has had knowledge of the '331 Patent since at least May 11, 2015.

249.   At all relevant times, Defendant and the public in general have had notice of the '331 Patent because the Plaintiffs have marked the packaging of their products embodying the '331 Patent in accordance with 35 U.S.C. § 287.

250.   Defendant infringes the '331 Patent both literally and pursuant to the doctrine of equivalents.

251.   Defendant has directly infringed the '331 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully

making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '331 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

252. Examples of electronic cigarette products that directly infringe the '331 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

253. The MarkTen Products, MarkTenXL Products, and GreenSmoke Products infringe at least claims 1, 2, 4 and 5 the '331 Patent.

**MarkTen**

254. As shown in the photographs of paragraphs 255 through 268 below, the MarkTen meets every limitation recited in claim 1 of the '331 Patent.

255. The MarkTen is an electronic cigarette as recited in claim 1 of the '331 Patent.



256. The MarkTen includes "a housing [120]" as recited in claim 1 of the '331 Patent.



257. The MarkTen includes "a mouth piece [110] on the housing [120]" as recited in claim 1 of the '331 Patent.



258. The MarkTen includes "an LED [240] at a first end of the housing [120]" as recited in claim 1 of the '331 Patent.



259. The MarkTen includes "an air inlet [140] leading into the housing [120]" as recited in claim 1 of the '331 Patent.



260.	The MarkTen includes "a battery [210] within the housing [120]" as recited in claim 1 of the '331 Patent.



261.	The MarkTen includes "an electronic circuit board [220] within the housing [120]" as recited in claim 1 of the '331 Patent.



262. The MarkTen includes "a sensor [230] within the housing [120]" as recited in claim 1 of the '331 Patent.



263. The MarkTen includes "an atomizer [320] within the housing [120]" as recited in claim 1 of the '331 Patent.



264. The MarkTen includes "a stream passage within the housing [120] leading from the inlet [140] to the atomizer [320]" as recited in claim 1 of the '331 Patent.



265. The MarkTen includes "a cavity arranged in the atomizer [320]" as recited in claim 1 of the '331 Patent.



266. The MarkTen includes "a liquid-supply [330] within the housing [120]" as recited in claim 1 of the '331 Patent.



267.   The MarkTen includes "an aerosol passage leading from the atomizer [320] to the mouthpiece [110]" as recited in claim 1 of the '331 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 102 of 313



268. The MarkTen includes "the liquid-supply [330] in physical contact with the atomizer [320]; and a heating element [323] within the cavity" as recited in claim 1 of the '331 Patent.



269. As shown in the photographs of paragraphs 270 through 277 below, the MarkTen meets every limitation recited in claim 2 of the '331 Patent.

270.   The MarkTen is an electronic cigarette as recited in claim 2 of the '331 Patent.





271.   The MarkTen includes "a housing [120]" as recited in claim 2 of the '331 Patent.



272.   The MarkTen includes "a mouthpiece [110] on the housing [120]" as recited in claim 2 of the '331 Patent.



273.    The MarkTen includes "an LED [240] at a first end of the housing [120]" as recited in claim 2 of the '331 Patent.

274.    The MarkTen includes "an air inlet [140] for providing air into the housing [120]" as recited in claim 2 of the '331 Patent.



-104-

275.   The MarkTen includes "a battery [210] and a sensor [230] electrically connected to an electronic circuit board [220] within the housing [120], with the sensor [230] in a stream passage in the housing [120]" as recited in claim 2 of the '331 Patent.



276.   The MarkTen includes "an atomizer [320] within the housing [120], with the atomizer [320] having a heating element [323] within a cavity, and with the atomizer [320] making contact with a liquid-supply [330], to provide for movement of liquid to the atomizer [320] via capillary action" as recited in claim 2 of the '331 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 106 of 313

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19



20    277.   The MarkTen includes "an aerosol passage extending from the

21  atomizer [320] to the mouthpiece [110]" as recited in claim 2 of the '331 Patent.

22

23

24

25

26

27

28



278.   As shown in the photograph of paragraph 279 below, the MarkTen meets every limitation recited in claim 4 of the '331 Patent.

279.   The MarkTen includes "the heating element [323] [comprising] a wire coil" as recited in claim 4 of the '331 Patent.



280.   As shown in the photographs of paragraph 281 below, the MarkTen meets every limitation recited in claim 5 of the '331 Patent.

281.   The MarkTen includes "the liquid-supply [330] comprising a porous body" as recited in claim 5 of the '331 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 108 of 313



**MarkTenXL**

282.   As shown in the photographs of paragraphs 283 through 296 below, the MarkTenXL meets every limitation recited in claim 1 of the '331 Patent.

283.   The MarkTenXL is an electronic cigarette as recited in claim 1 of the '331 Patent.



284.   The MarkTenXL includes "a housing [120]" as recited in claim 1 of the '331 Patent.



-108-

285.   The MarkTenXL includes "a mouth piece [110] on the housing [120]" as recited in claim 1 of the '331 Patent.



286.   The MarkTenXL includes "an LED [240] at a first end of the housing [120]" as recited in claim 1 of the '331 Patent.



287.   The MarkTenXL includes "an air inlet [140] leading into the housing [120]" as recited in claim 1 of the '331 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 110 of 313

288.    The MarkTenXL includes "a battery [210] within the housing [120]" as recited in claim 1 of the '331 Patent.



289.    The MarkTenXL includes "an electronic circuit board [220] within the housing [120]" as recited in claim 1 of the '331 Patent.



290.   The MarkTenXL includes "a sensor [230] within the housing [120]" as recited in claim 1 of the '331 Patent.



291.   The MarkTenXL includes "an atomizer [320] within the housing [120]" as recited in claim 1 of the '331 Patent.



292.   The MarkTenXL includes "a stream passage within the housing [120] leading from the inlet [140] to the atomizer [320]" as recited in claim 1 of the '331 Patent.



293.   The MarkTenXL includes "a cavity arranged in the atomizer [320]" as recited in claim 1 of the '331 Patent.



294.   The MarkTenXL includes "a liquid-supply [330] within the housing [120]" as recited in claim 1 of the '331 Patent.

1
2
3
4
5
6
7
8
9
10
11
12
13



14    295.   The MarkTenXL includes "an aerosol passage leading from the

15 atomizer [320] to the mouthpiece [110]" as recited in claim 1 of the '331 Patent.

16
17
18
19
20
21
22
23
24
25
26
27
28



296. The MarkTenXL includes "the liquid-supply [330] in physical contact with the atomizer [320]; and a heating element [323] within the cavity" as recited in claim 1 of the '331 Patent.



297. As shown in the photographs of paragraphs 298 through 305 below, the MarkTenXL meets every limitation recited in claim 2 of the '331 Patent.

298. The MarkTenXL is an electronic cigarette as recited in claim 2 of the '331 Patent.



299. The MarkTenXL includes "a housing [120]" as recited in claim 2 of the '331 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 116 of 313



300.    The MarkTenXL includes "a mouthpiece [110] on the housing [120]" as recited in claim 2 of the '331 Patent.



301.    The MarkTenXL includes "an LED [240] at a first end of the housing [120]" as recited in claim 2 of the '331 Patent.

302.   The MarkTenXL includes "an air inlet [140] for providing air into the housing [120]" as recited in claim 2 of the '331 Patent.



303.   The MarkTenXL includes "a battery [210] and a sensor [230] electrically connected to an electronic circuit board [220] within the housing [120], with the sensor [230] in a stream passage in the housing [120]" as recited in claim 2 of the '331 Patent.



1    304. The MarkTenXL includes "an atomizer [320] within the housing
2  [120], with the atomizer [320] having a heating element [323] within a cavity, and
3  with the atomizer [320] making contact with a liquid-supply [330], to provide for
4  movement of liquid to the atomizer [320] via capillary action" as recited in claim 2
5  of the '331 Patent.



-118-

305.   The MarkTenXL includes "an aerosol passage extending from the atomizer [320] to the mouthpiece [110]" as recited in claim 2 of the '331 Patent.



306.   As shown in the photograph of paragraph 307 below, the MarkTenXL meets every limitation recited in claim 4 of the '331 Patent.

307.   The MarkTenXL includes "the heating element [323] [comprising] a wire coil" as recited in claim 4 of the '331 Patent.



308.   As shown in the photographs of paragraph 309 below, the MarkTenXL meets every limitation recited in claim 5 of the '331 Patent.

309.   The MarkTenXL includes "the liquid-supply [330] comprising a porous body" as recited in claim 5 of the '331 Patent.



**GreenSmoke**

310.   As shown in the photographs of paragraphs 311 through 324 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 1 of the '331 Patent.

311.   The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 1 of the '331 Patent.



312.   The GreenSmoke E-Cigarette includes "a housing [120]" as recited in claim 1 of the '331 Patent.



313.   The GreenSmoke E-Cigarette includes "a mouth piece [110] on the housing [120]" as recited in claim 1 of the '331 Patent.



314.   The GreenSmoke E-Cigarette includes "an LED [240] at a first end of the housing [120]" as recited in claim 1 of the '331 Patent.



315.   The GreenSmoke E-Cigarette includes "an air inlet [140] leading into the housing [120]" as recited in claim 1 of the '331 Patent.



316.   The GreenSmoke E-Cigarette includes "a battery [210] within the housing [120]" as recited in claim 1 of the '331 Patent.



317.   The GreenSmoke E-Cigarette includes "an electronic circuit board [220] within the housing [120]" as recited in claim 1 of the '331 Patent.



318.   The GreenSmoke E-Cigarette includes "a sensor [230] within the housing [120]" as recited in claim 1 of the '331 Patent.



319.   The GreenSmoke E-Cigarette includes "an atomizer [320] within the housing [120]" as recited in claim 1 of the '331 Patent.



320.   The GreenSmoke E-Cigarette includes "a stream passage within the housing [120] leading from the inlet [140] to the atomizer [320]" as recited in claim 1 of the '331 Patent.



321.   The GreenSmoke E-Cigarette includes "a cavity arranged in the atomizer [320]" as recited in claim 1 of the '331 Patent.



322.   The GreenSmoke E-Cigarette includes "a liquid-supply [330] within the housing [120]" as recited in claim 1 of the '331 Patent.



323.   The GreenSmoke E-Cigarette includes "an aerosol passage leading from the atomizer [320] to the mouthpiece [110]" as recited in claim 1 of the '331 Patent.



-125-

324. The GreenSmoke E-Cigarette includes "the liquid-supply [330] in physical contact with the atomizer [320]; and a heating element [323] within the cavity" as recited in claim 1 of the '331 Patent.



325. As shown in the photographs of paragraphs 326 through 333 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 2 of the '331 Patent.

326. The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 2 of the '331 Patent.



327. The GreenSmoke E-Cigarette includes "a housing [120]" as recited in claim 2 of the '331 Patent.

-126-



328. The GreenSmoke E-Cigarette includes "a mouthpiece [110] on the housing [120]" as recited in claim 2 of the '331 Patent.



329. The GreenSmoke E-Cigarette includes "an LED [240] at a first end of the housing [120]" as recited in claim 2 of the '331 Patent.



330. The GreenSmoke E-Cigarette includes "an air inlet [140] for providing air into the housing [120]" as recited in claim 2 of the '331 Patent.

-127-



331.   The GreenSmoke E-Cigarette includes "a battery [210] and a sensor [230] electrically connected to an electronic circuit board [220] within the housing [120], with the sensor [230] in a stream passage in the housing [120]" as recited in claim 2 of the '331 Patent.

332.   The GreenSmoke E-Cigarette includes "an atomizer [320] within the housing [120], with the atomizer [320] having a heating element [323] within a cavity, and with the atomizer [320] making contact with a liquid-supply [330], to provide for movement of liquid to the atomizer [320] via capillary action" as recited in claim 2 of the '331 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 129 of 313



333.  The GreenSmoke E-Cigarette includes "an aerosol passage extending from the atomizer [320] to the mouthpiece [110]" as recited in claim 2 of the '331 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 130 of 313



334.   As shown in the photograph of paragraph 335 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 4 of the '331 Patent.

335.   The GreenSmoke E-Cigarette includes "the heating element [323] [comprising] a wire coil" as recited in claim 4 of the '331 Patent.

336.   As shown in the photographs of paragraph 337 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 5 of the '331 Patent.

337.   The GreenSmoke E-Cigarette includes "the liquid-supply [330] comprising a porous body" as recited in claim 5 of the '331 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 131 of 313



338.   Defendant has also contributed to the infringement of the '331 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '331 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of the '331 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

339.   Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '331 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

340.   The Plaintiffs are informed and believe that having knowledge of the '331 Patent, Defendant has been aware that the use of the MarkTen Products,

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 132 of 313

MarkTenXL Products, and GreenSmoke Products by Defendant's customers, result in direct infringement of the '331 Patent.

341. Defendant instructs users on how to use the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.[9]

342. Defendant instructs users to use a replacement MarkTen or MarkTenXL Cartridge when a MarkTen or MarkTenXL Cartridge is depleted, or to use a replacement MarkTen or MarkTenXL Battery when a MarkTen or MarkTenXL Battery is depleted.

343. Defendant further instructs users that "MarkTen® e-vapor products are designed to work together[,]" and that "[u]sing MarkTen® e-vapor products with non-MarkTen® e-vapor products may be unsafe, and is not advised."[10]

344. Defendant further instructs that "[c]ustomers should note that using MarkTen® e-vapor products with another brand's e-vapor products will invalidate the warranty."[11]

345. Defendant instructs users to use a replacement GreenSmoke Cartridge when a GreenSmoke Cartridge is depleted, or to use a replacement GreenSmoke Battery when a GreenSmoke Battery is depleted.[12]

---

[9] *See, e.g.*, MarkTen® Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/current-gen-product-info-guide.pdf (last visited April 4, 2016) (Exhibit M); MarkTen®XL Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/XL-product-info-guide.pdf (last visited April 4, 2016) (Exhibit N); How to Use Your E-Cig Starter Kit, https://www.greensmoke.com/ecig-info/how-to-use-your-e-cig-starter-kit.html (last visited April 4, 2016) (Exhibit O).

[10] Why do I have to use your cartridges only with your batteries, and your batteries only with your cartridges? https://www.markten.com/faq (last visited April 4, 2016) (Exhibit P).

[11] *Id.*

[12] *See, e.g.*, How Do Green Smoke® E-Cigarettes Work? https://www.greensmoke.com/ecig-info/how-electronic-cigarettes-work.html (last visited April 4, 2016) (Exhibit Q).

346. As such, Defendant knows that the MarkTen Products, MarkTenXL Products, and GreenSmoke Products, including the replacement Cartridges and replacement batteries, have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes the '331 Patent, and therefore that they are especially made or adapted for use in infringement of the '331 Patent.

347. As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to lost profits on the infringing sales the Plaintiffs may have made and reasonable royalties on sales not made. The Plaintiffs are also entitled to their costs of suit and interest.

348. Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs, such as reduction of the Plaintiffs' proper market share and deprivation of the Plaintiffs' rights to exclude others. The Plaintiffs have no adequate remedy at law. The Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

349. In view of Defendant's knowledge of the '331 Patent, Defendant has proceeded to infringe the '331 Patent despite an objectively high likelihood that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '331 Patent is willful and deliberate, entitling the Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S. C. § 285.

### FOURTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 8,689,805)

350. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1–349 above.

351.    Plaintiff Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,689,805 ("the '805 Patent") (Exhibit D).  Fontem Holdings has granted Fontem Ventures an exclusive license to the '805 Patent, including the right to sublicense the '805 Patent.  The '805 Patent was duly and legally issued by the USPTO on April 8, 2014, and is valid, subsisting, and in full force and effect.

352.    The Plaintiffs are informed and believe that: Defendant has had knowledge of the '805 Patent, and of the Plaintiffs' rights therein.

353.    On May 11, 2015, third party Vapor Corp served a subpoena identifying the '805 Patent on Altria, together with its affiliates and subsidiaries. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 2-1 at 13, ¶ 8 (Exhibit I); 2-2 at 12, ¶ 18 (E.D. VA, May 26, 2015) (Exhibit J).

354.    In response to that subpoena, Altria, together with is affiliates and subsidiaries, acknowledged the existence of the '805 Patent in a motion to quash filed in the District Court for the Eastern District of Virginia on May 26, 2015 by Altria.  *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 1 at 1 (Exhibit K); 2 at 1–2 (Exhibit L); 2-3 at p. 3, ¶ 10 (Exhibit R).

355.    Accordingly, Nu Mark, an affiliate or subsidiary of Altria, has had knowledge of the '805 Patent since at least May 11, 2015.

356.    At all relevant times, Defendant and the public in general have had notice of the '805 Patent because the Plaintiffs have marked the packaging of their products embodying the '805 Patent in accordance with 35 U.S.C. § 287.

357.    Defendant infringes the '805 Patent both literally and pursuant to the doctrine of equivalents.

358.    Defendant has directly infringed the '805 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '805 Patent,

within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

359. Examples of electronic cigarette products that directly infringe the '805 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

360. The MarkTen Products, MarkTenXL Products, and GreenSmoke Products infringe at least claims 1, 6, 7, 8 and 9 the '805 Patent.

**MarkTen**

361. As shown in the photographs of paragraphs 362 through 367 below, the MarkTen meets every limitation recited in claim 1 of the '805 Patent.

362. The MarkTen is an electronic cigarette as recited in claim 1 of the '805 Patent.





363. The MarkTen includes "a housing [120] having an inhalation port [150]" as recited in claim 1 of the '805 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 136 of 313



364.   The MarkTen includes "a battery [210] and a liquid storage component [330] within the housing [120]; an atomizing core [320] within the housing [120] including an electric heater [323] comprising a wire coil [323] electrically connectable to the battery [210] for atomizing liquid from the liquid storage component [330]" as recited in claim 1 of the '805 Patent.

365.   The MarkTen includes "a channel extending through and surrounded by the liquid storage component [330]" as recited in claim 1 of the '805 Patent.



366.   The MarkTen includes "the channel and the inhalation port [150] forming an airflow path centrally located within the housing [120]" as recited in claim 1 of the '805 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 138 of 313

367. The MarkTen includes "the channel providing a continuous passageway from the electric heater [323] to the inhalation port [150]" as recited in claim 1 of the '805 Patent.



368. As shown in the photographs of paragraph 369 below, the MarkTen meets every limitation recited in claim 6 of the '805 Patent.

369. The MarkTen further includes "a sensor [230] in the housing [120] for sensing airflow in the airflow path" as recited in claim 6 of the '805 Patent.



370.   As shown in the photograph of paragraph 371 below, the MarkTen meets every limitation recited in claim 7 of the '805 Patent.

371.   The MarkTen includes "the liquid storage component [330] including a fiber material" as recited in claim 7 of the '805 Patent.



372.   As shown in the photographs of paragraph 373 below, the MarkTen meets every limitation recited in claim 8 of the '805 Patent.

373. The MarkTen includes "the liquid storage component [330] comprising an elongated cylinder having an annular cross section" as recited in claim 8 of the '805 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 141 of 313

374.   As shown in the photographs of paragraph 375 below, the MarkTen meets every limitation recited in claim 9 of the '805 Patent.

375.   The MarkTen includes "the channel extending entirely through the liquid storage component [330]" as recited in claim 9 of the '805 Patent.



**MarkTenXL**

376.   As shown in the photographs of paragraphs 377 through 382 below, the MarkTenXL meets every limitation recited in claim 1 of the '805 Patent.

377.   The MarkTenXL is an electronic cigarette as recited in claim 1 of the '805 Patent.

378.   The MarkTenXL includes "a housing [120] having an inhalation port [150]" as recited in claim 1 of the '805 Patent.

-141-



379.   The MarkTenXL includes "a battery [210] and a liquid storage component [330] within the housing [120]; an atomizing core [320] within the housing [120] including an electric heater [323] comprising a wire coil [323] electrically connectable to the battery [210] for atomizing liquid from the liquid storage component [330]" as recited in claim 1 of the '805 Patent.

380.   The MarkTenXL includes "a channel extending through and surrounded by the liquid storage component [330]" as recited in claim 1 of the '805 Patent.

1
2
3
4
5
6
7
8
9
10
11
12

13    381.   The MarkTenXL includes "the channel and the inhalation port [150]
14  forming an airflow path centrally located within the housing [120]" as recited in
15  claim 1 of the '805 Patent.



16
17
18
19
20
21
22
23
24
25
26
27
28

382.   The MarkTenXL includes "the channel providing a continuous passageway from the electric heater [323] to the inhalation port [150]" as recited in claim 1 of the '805 Patent.



383.   As shown in the photographs of paragraph 369 below, the MarkTenXL meets every limitation recited in claim 6 of the '805 Patent.

384.   The MarkTenXL further includes "a sensor [230] in the housing [120] for sensing airflow in the airflow path" as recited in claim 6 of the '805 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 145 of 313



385.  As shown in the photographs of paragraph 386 below, the MarkTenXL meets every limitation recited in claim 7 of the '805 Patent.

386.  The MarkTenXL includes "the liquid storage component [330] including a fiber material" as recited in claim 7 of the '805 Patent.

387.   As shown in the photographs of paragraph 388 below, the MarkTenXL meets every limitation recited in claim 8 of the '805 Patent.

388.   The MarkTenXL includes "the liquid storage component [330] comprising an elongated cylinder having an annular cross section" as recited in claim 8 of the '805 Patent.



389.   As shown in the photographs of paragraph 390 below, the MarkTenXL meets every limitation recited in claim 9 of the '805 Patent.

390.   The MarkTenXL includes "the channel extending entirely through the liquid storage component [330]" as recited in claim 9 of the '805 Patent.



-146-

**GreenSmoke**

391.   As shown in the photographs of paragraphs 392 through 397 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 1 of the 805 Patent.

392.   The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 1 of the '805 Patent.



393.   The GreenSmoke E-Cigarette includes "a housing [120] having an inhalation port [150]" as recited in claim 1 of the '805 Patent.



394.   The GreenSmoke E-Cigarette includes "a battery [210] and a liquid storage component [330] within the housing [120]; an atomizing core [320] within the housing [120] including an electric heater [323] comprising a wire coil [323] electrically connectable to the battery [210] for atomizing liquid from the liquid storage component [330]" as recited in claim 1 of the '805 Patent.

-147-



395.   The GreenSmoke E-Cigarette includes "a channel extending through and surrounded by the liquid storage component [330]" as recited in claim 1 of the '805 Patent.



396. The GreenSmoke E-Cigarette includes "the channel and the inhalation port [150] forming an airflow path centrally located within the housing [120]" as recited in claim 1 of the '805 Patent.



1    397.    The GreenSmoke E-Cigarette includes "the channel providing a
2   continuous passageway from the electric heater [323] to the inhalation port [150]"
3   as recited in claim 1 of the '805 Patent.



21    398.    As shown in the photographs of paragraph 399 below, the
22   GreenSmoke E-Cigarette meets every limitation recited in claim 6 of the '805
23   Patent.
24    399.    The GreenSmoke E-Cigarette further includes "a sensor [230] in the
25   housing [120] for sensing airflow in the airflow path" as recited in claim 6 of the
26   '805 Patent.



400. As shown in the photograph of paragraph 401 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 7 of the '805 Patent.

401. The GreenSmoke E-Cigarette includes "the liquid storage component [330] including a fiber material" as recited in claim 7 of the '805 Patent.

-151-

1    402.   As shown in the photographs of paragraph 403 below, the
2  GreenSmoke E-Cigarette meets every limitation recited in claim 8 of the '805
3  Patent.
4    403.   The GreenSmoke E-Cigarette includes "the liquid storage component
5  [330] comprising an elongated cylinder having an annular cross section" as recited
6  in claim 8 of the '805 Patent.



404.  As shown in the photographs of paragraph 405 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 9 of the '805 Patent.

405.  The GreenSmoke E-Cigarette includes "the channel extending entirely through the liquid storage component [330]" as recited in claim 9 of the '805 Patent.



406.  Defendant has also contributed to the infringement of the '805 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '805 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of the '805 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

407.  Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '805 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

408.   The Plaintiffs are informed and believe that having knowledge of the '805 Patent, Defendant has been aware that the use of the MarkTen Products, MarkTenXL, and GreenSmoke Products by Defendant's customers, results in direct infringement of the '805 Patent.

409.   Defendant instructs users on how to use the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.[13]

410.   Defendant further instructs users to use a replacement MarkTen or MarkTenXL Cartridge when a MarkTen or MarkTenXL Cartridge is depleted, or to use a replacement MarkTen or MarkTenXL Battery when a MarkTen or MarkTenXL Battery is depleted.

411.   Defendant further instructs users that "MarkTen® e-vapor products are designed to work together[,]" and that "[u]sing MarkTen® e-vapor products with non-MarkTen® e-vapor products may be unsafe, and is not advised."[14]

412.   Defendant further instructs that "[c]ustomers should note that using MarkTen® e-vapor products with another brand's e-vapor products will invalidate the warranty."[15]

413.   Defendant instructs users to use a replacement GreenSmoke Cartridge when a GreenSmoke Cartridge is depleted, or to use a replacement GreenSmoke Battery when a GreenSmoke Battery is depleted.[16]

---

[13]     *See*, *e.g.*, MarkTen® Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/current-gen-product-info-guide.pdf (last visited April 4, 2016) (Exhibit M); MarkTen®XL Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/XL-product-info-guide.pdf (last visited April 4, 2016) (Exhibit N); How to Use Your E-Cig Starter Kit, https://www.greensmoke.com/ecig-info/how-to-use-your-e-cig-starter-kit.html (last visited April 4, 2016) (Exhibit O).

[14]     Why do I have to use your cartridges only with your batteries, and your batteries only with your cartridges?  https://www.markten.com/faq (last visited April 4, 2016) (Exhibit P).

[15]     *Id.*

-154-

414.    As such, Defendant knows that the MarkTen Products, MarkTenXL Products, and GreenSmoke Products, including the replacement Cartridges and replacement batteries sold separately, have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes the '805 Patent, and therefore that they are especially made or adapted for use in infringement of the '805 Patent.

415.    As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to lost profits on the infringing sales the Plaintiffs may have made and reasonable royalties on sales not made.  The Plaintiffs are also entitled to their costs of suit and interest.

416.    Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs, such as reduction of the Plaintiffs' proper market share and deprivation of the Plaintiffs' rights to exclude others.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

417.    In view of Defendant's knowledge of the '805 Patent, Defendant has proceeded to infringe the '805 Patent despite an objectively high likelihood that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '805 Patent is willful and deliberate, entitling the Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S. C. § 285.

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,490,628)

---

[16]    *See*, *e.g.*, How Do Green Smoke® E-Cigarettes Work? https://www.greensmoke.com/ecig-info/how-electronic-cigarettes-work.html (last visited April 4, 2016) (Exhibit Q).

-155-

418. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1–417 above.

419. Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,490,628 ("the '628 Patent") (Exhibit E). Fontem Holdings has granted Fontem Ventures an exclusive license to the '628 Patent, including the right to sublicense the '628 Patent. The '628 Patent was duly and legally issued by the USPTO on July 23, 2013 and is valid, subsisting, and in full force and effect.

420. The Plaintiffs are informed and believe that Defendant has had knowledge of the '628 Patent, and of the Plaintiffs' rights therein.

421. On May 11, 2015, third party Vapor Corp served a subpoena identifying the '628 Patent on Altria, together with its affiliates and subsidiaries. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 2-1 at 13, ¶ 8 (Exhibit I); 2-2 at 12, ¶ 18 (E.D. VA, May 26, 2015) (Exhibit J).

422. In response to that subpoena, Altria, together with is affiliates and subsidiaries, acknowledged the existence of the '628 Patent in a motion to quash filed in the District Court for the Eastern District of Virginia on May 26, 2015 by Altria. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 1 at 1 (Exhibit K); 2 at 1–2 (Exhibit L); 2-3 at p. 3, ¶ 10 (Exhibit R).

423. Accordingly, Nu Mark, an affiliate or subsidiary of Altria, has had knowledge of the '628 Patent since at least May 11, 2015.

424. At all relevant times, Defendant and the public in general have had notice of the '628 Patent because the Plaintiffs have marked the packaging of their products embodying the '628 Patent in accordance with 35 U.S.C. § 287.

425. Defendant infringes the '628 Patent both literally and pursuant to the doctrine of equivalents.

426. Defendant has directly infringed the '628 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully

-156-

making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '628 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

427. Examples of electronic cigarette products that directly infringe the '628 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

428. The MarkTen Products, MarkTenXL Products, and GreenSmoke Products infringe at least claims 1, 2, 3, 5 and 8 the '628 Patent.

**MarkTen**

429. As shown in the photographs of paragraphs 430 through 435 below, the MarkTen meets every limitation recited in claim 1 of the '628 Patent.

430. The MarkTen is an electronic cigarette as recited in claim 1 of the '628 Patent.





431. The MarkTen includes "a housing [120] having a longitudinal axis, an inlet [140] and an outlet [150]" as recited in claim 1 of the '628 Patent.



432. The MarkTen includes "a liquid supply [330] in the housing [120]" as recited in claim 1 of the '628 Patent.



433. The MarkTen includes "an air flow channel in the housing [120] connecting the inlet [140] to the outlet [150]" as recited in claim 1 of the '628 Patent.



434.    The MarkTen includes "an atomizer assembly [300] in the housing [120] between the inlet [140] and the outlet [150], including: a porous body [324] projecting into the liquid supply [330]" as recited in claim 1 of the '628 Patent.



435.    The MarkTen includes "a heating wire [323] in the atomizer [320] having a central axis oriented substantially perpendicular to the longitudinal axis of the housing [120]" as recited in claim 1 of the '628 Patent.

120

Longitudinal axis

320

Central axis

323

436.    As shown in the photographs of paragraph 437 below, the MarkTen meets every limitation recited in claim 2 of the '628 Patent as follows:

437.    The MarkTen includes "a battery [210], a sensor [230] and an electronic circuit board [220] within the housing [120], with the circuit board [220] electrically connected to the battery [210], the sensor [230] and the heating wire [323]" as recited in claim 2 of the '628 Patent.



438.    As shown in the photographs of paragraph 439 below, the MarkTen includes every limitation recited in claim 3 of the '628 Patent as follows:

439.    The MarkTen includes "an atomization cavity within the atomizer [320]" as recited in claim 3 of the '628 Patent.

440. As shown in the photographs of paragraph 441 below, the MarkTen meets every limitation recited in claim 5 of the '628 Patent as follows:

441. The MarkTen includes "the liquid supply [330] comprising a fiber material" as recited in claim 5 of the '628 Patent.



442. As shown in the photographs of paragraphs 443 through 450 below, the MarkTen meets every limitation recited in claim 8 of the '628 Patent as follows:

443. The MarkTen is an electronic cigarette as recited in claim 8 of the '628 Patent.



-162-

444. The MarkTen includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 8 of the '628 Patent.



445. The MarkTen includes "a liquid supply [330], a battery [210], and an electronic circuit board [220] in the housing [120]" as recited in claim 8 of the '628 Patent.



446. The MarkTen includes "an air flow channel in the housing [120] between the inlet [140] and the outlet [150]" as recited in claim 8 of the '628 Patent.



447.    The MarkTen includes "an atomizer [320] in the housing [120]" as recited in claim 8 of the '628 Patent.



448.    The MarkTen includes "a porous body [324] extending into the liquid supply [330]" as recited in claim 8 of the '628 Patent.



-164-

449.　　The MarkTen includes "a heating wire [323] having a central axis generally perpendicular to a longitudinal axis of the housing [120]" as recited in claim 8 of the '628 Patent.



450.　　The MarkTen includes the "circuit board [220] electrically connected to the battery [210] and the heating wire [323]" as recited in claim 8 of the '628 Patent.

-165-



**MarkTenXL**

451.    As shown in the photographs of paragraphs 452 through 457 below, the MarkTenXL meets every limitation recited in claim 1 of the '628 Patent.

452.    The MarkTenXL is an electronic cigarette as recited in claim 1 of the '628 Patent.

453.    The MarkTenXL includes "a housing [120] having a longitudinal axis, an inlet [140] and an outlet [150]" as recited in claim 1 of the '628 Patent.

-166-



454.    The MarkTenXL includes "a liquid supply [330] in the housing [120]" as recited in claim 1 of the '628 Patent.



455.    The MarkTenXL includes "an air flow channel in the housing [120] connecting the inlet [140] to the outlet [150]" as recited in claim 1 of the '628 Patent.

456.    The MarkTenXL includes "an atomizer assembly [300] in the housing [120] between the inlet [140] and the outlet [150], including: a porous body [324] projecting into the liquid supply [330]" as recited in claim 1 of the '628 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 168 of 313



457.     The MarkTenXL includes "a heating wire [323] in the atomizer [320] having a central axis oriented substantially perpendicular to the longitudinal axis of the housing [120]" as recited in claim 1 of the '628 Patent.



1    458.    As shown in the photographs of paragraph 459 below, the MarkTenXL
2    meets every limitation recited in claim 2 of the '628 Patent as follows:

3    459.    The MarkTenXL includes "a battery [210], a sensor [230] and an
4    electronic circuit board [220] within the housing [120], with the circuit board [220]
5    electrically connected to the battery [210], the sensor [230] and the heating wire
6    [323]" as recited in claim 2 of the '628 Patent.



22    460.    As shown in the photographs of paragraph 461 below, the MarkTenXL
23    includes every limitation recited in claim 3 of the '628 Patent as follows:

24    461.    The MarkTenXL includes "an atomization cavity within the atomizer
25    [320]" as recited in claim 3 of the '628 Patent.



462.    As shown in the photographs of paragraph 441 below, the MarkTenXL meets every limitation recited in claim 5 of the '628 Patent as follows:

463.    The MarkTenXL includes "the liquid supply [330] comprising a fiber material" as recited in claim 5 of the '628 Patent.

464.    As shown in the photographs of paragraphs 465 through 472 below, the MarkTenXL meets every limitation recited in claim 8 of the '628 Patent as follows:

465.    The MarkTenXL is an electronic cigarette as recited in claim 8 of the '628 Patent.



466.    The MarkTenXL includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 8 of the '628 Patent.



467.    The MarkTenXL includes "a liquid supply [330], a battery [210], and an electronic circuit board [220] in the housing [120]" as recited in claim 8 of the '628 Patent.



468.    The MarkTenXL includes "an air flow channel in the housing [120] between the inlet [140] and the outlet [150]" as recited in claim 8 of the '628 Patent.



469. The MarkTenXL includes "an atomizer [320] in the housing [120]" as recited in claim 8 of the '628 Patent.



470. The MarkTenXL includes "a porous body [324] extending into the liquid supply [330]" as recited in claim 8 of the '628 Patent.



-172-

471.    The MarkTenXL includes "a heating wire [323] having a central axis generally perpendicular to a longitudinal axis of the housing [120]" as recited in claim 8 of the '628 Patent.



472.    The MarkTenXL includes the "circuit board [220] electrically connected to the battery [210] and the heating wire [323]" as recited in claim 8 of the '628 Patent.



**GreenSmoke**

473.    As shown in the photographs of paragraphs 474 through 479 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 1 of the '628 Patent.

474.    The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 1 of the '628 Patent.



475.    The GreenSmoke E-Cigarette includes "a housing [120] having a longitudinal axis, an inlet [140] and an outlet [150]" as recited in claim 1 of the '628 Patent.



476. The GreenSmoke E-Cigarette includes "a liquid supply [330] in the housing [120]" as recited in claim 1 of the '628 Patent.



477. The GreenSmoke E-Cigarette includes "an air flow channel in the housing [120] connecting the inlet [140] to the outlet [150]" as recited in claim 1 of the '628 Patent.



478.   The GreenSmoke E-Cigarette includes "an atomizer assembly [300] in the housing [120] between the inlet [140] and the outlet [150], including: a porous body [324] projecting into the liquid supply [330]" as recited in claim 1 of the '628 Patent.



479.   The GreenSmoke E-Cigarette includes "a heating wire [323] in the atomizer [320] having a central axis oriented substantially perpendicular to the longitudinal axis of the housing [120]" as recited in claim 1 of the '628 Patent.



480.    As shown in the photographs of paragraph 481 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 2 of the '628 Patent as follows:

481.    The GreenSmoke E-Cigarette includes "a battery [210], a sensor [230] and an electronic circuit board [220] within the housing [120], with the circuit board [220] electrically connected to the battery [210], the sensor [230] and the heating wire [323]" as recited in claim 2 of the '628 Patent.



482.   As shown in the photographs of paragraph 483 below, the GreenSmoke E-Cigarette includes every limitation recited in claim 3 of the '628 Patent as follows:

483.   The GreenSmoke E-Cigarette includes "an atomization cavity within the atomizer [320]" as recited in claim 3 of the '628 Patent.

484.　As shown in the photographs of paragraph 485 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 5 of the '628 Patent as follows:

485.　The GreenSmoke E-Cigarette includes "the liquid supply [330] comprising a fiber material" as recited in claim 5 of the '628 Patent.



486.　As shown in the photographs of paragraphs 487 through 494 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 8 of the '628 Patent as follows:

487.　The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 8 of the '628 Patent.



488.　The GreenSmoke E-Cigarette includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 8 of the '628 Patent.



1

2      489.   The GreenSmoke E-Cigarette includes "a liquid supply [330], a battery

3 [210], and an electronic circuit board [220] in the housing [120]" as recited in claim

4 8 of the '628 Patent.

5



15      490.   The GreenSmoke E-Cigarette includes "an air flow channel in the

16 housing [120] between the inlet [140] and the outlet [150]" as recited in claim 8 of

17 the '628 Patent.

18



23      491.   The GreenSmoke E-Cigarette includes "an atomizer [320] in the

24 housing [120]" as recited in claim 8 of the '628 Patent.

25

26

27

28

---

-180-



492. The GreenSmoke E-Cigarette includes "a porous body [324] extending into the liquid supply [330]" as recited in claim 8 of the '628 Patent.



493.   The GreenSmoke E-Cigarette includes "a heating wire [323] having a central axis generally perpendicular to a longitudinal axis of the housing [120]" as recited in claim 8 of the '628 Patent.



494.   The GreenSmoke E-Cigarette includes the "circuit board [220] electrically connected to the battery [210] and the heating wire [323]" as recited in claim 8 of the '628 Patent.



495.   Defendant has also contributed to the infringement of the '628 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '628 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of the '628 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

496.   Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '628 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

497.   The Plaintiffs are informed and believe that having knowledge of the '628 Patent, Defendant has been aware that the purchase and use of the MarkTen Products, MarkTenXL Products, and GreenSmoke Products by Defendant's customers, result in direct infringement of the '628 Patent.

498.   Defendant instructs users on how to use the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.[17]

499.   Defendant instructs users to use a replacement MarkTen or MarkTenXL Cartridge when a MarkTen or MarkTenXL Cartridge is depleted, or to use a replacement MarkTen or MarkTenXL Battery when a MarkTen or MarkTenXL Battery is depleted.

---

[17]   *See*, *e.g.*, MarkTen® Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/current-gen-product-info-guide.pdf (last visited April 4, 2016) (Exhibit M); MarkTen®XL Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/XL-product-info-guide.pdf (last visited April 4, 2016) (Exhibit N); How to Use Your E-Cig Starter Kit, https://www.greensmoke.com/ecig-info/how-to-use-your-e-cig-starter-kit.html (last visited April 4, 2016) (Exhibit O).

-183-

500.    Defendant further instructs users that "MarkTen® e-vapor products are designed to work together[,]" and that "[u]sing MarkTen® e-vapor products with non-MarkTen® e-vapor products may be unsafe, and is not advised."[18]

501.    Defendant further instructs that "[c]ustomers should note that using MarkTen® e-vapor products with another brand's e-vapor products will invalidate the warranty."[19]

502.    Defendant instructs users to use a replacement GreenSmoke Cartridge when a GreenSmoke Cartridge is depleted, or to use a replacement GreenSmoke Battery when a GreenSmoke Battery is depleted.[20]

503.    As such, Defendant knows that the MarkTen Products, MarkTenXL Products, and GreenSmoke Products, including the replacement Cartridges and replacement batteries sold separately, have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes the '628 Patent, and therefore that they are especially made or adapted for use in infringement of the '628 Patent.

504.    As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to lost profits on the infringing sales the Plaintiffs may have made and reasonable royalties on sales not made.  The Plaintiffs are also entitled to their costs of suit and interest.

505.    Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the

---

[18]    Why do I have to use your cartridges only with your batteries, and your batteries only with your cartridges?  https://www.markten.com/faq (last visited April 4, 2016) (Exhibit P).

[19]    *Id.*

[20]    *See*, *e.g.*, How Do Green Smoke® E-Cigarettes Work? https://www.greensmoke.com/ecig-info/how-electronic-cigarettes-work.html (last visited April 4, 2016) (Exhibit Q).

Plaintiffs, such as reduction of the Plaintiffs' proper market share and deprivation of the Plaintiffs' rights to exclude others. The Plaintiffs have no adequate remedy at law. The Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

506. In view of Defendant's knowledge of the '628 Patent, Defendant has proceeded to infringe the '628 Patent despite an objectively high likelihood that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '628 Patent is willful and deliberate, entitling the Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S. C. § 285.

## SIXTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 8,863,752)

507. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1–506 above.

508. Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,863,752 ("the '752 Patent") (Exhibit F). Fontem Holdings has granted Fontem Ventures an exclusive license to the '752 Patent, including the right to sublicense the '752 Patent. The '752 Patent was duly and legally issued by the USPTO on October 21, 2014, and is valid, subsisting, and in full force and effect.

509. The Plaintiffs are informed and believe that Defendant has had knowledge of the '752 Patent, and of the Plaintiffs' rights therein.

510. On May 11, 2015, third party Vapor Corp served a subpoena identifying the '752 Patent on Altria, together with its affiliates and subsidiaries. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 2-1 at 13, ¶ 8 (Exhibit I); 2-2 at 12, ¶ 18 (E.D. VA, May 26, 2015) (Exhibit J).

511. In response to that subpoena, Altria, together with is affiliates and subsidiaries, acknowledged the existence of the '752 Patent in a motion to quash

-185-

filed in the District Court for the Eastern District of Virginia on May 26, 2015 by Altria. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 1 at 1 (Exhibit K); 2 at 1–2 (Exhibit L); 2-3 at p. 3, ¶ 10 (Exhibit R).

512.   Accordingly, Nu Mark, an affiliate or subsidiary of Altria, has had knowledge of the '752 Patent since at least May 11, 2015.

513.   At all relevant times, Defendant and the public in general have had notice of the '752 Patent because the Plaintiffs have marked the packaging of their products embodying the '752 Patent in accordance with 35 U.S.C. § 287.

514.   Defendant infringes the '752 Patent both literally and pursuant to the doctrine of equivalents.

515.   Defendant has directly infringed the '752 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '752 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

516.   Examples of electronic cigarette products that directly infringe the '752 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

517.   The MarkTen Products, MarkTenXL Products, and GreenSmoke Products infringe at least claims 1, 2, 3, 4, 5, 7, 8, 10, 11, 12, 13, 14, 15, 19, and 20 of the '752 Patent.

**MarkTen**

518.   As shown in the photographs of paragraphs 519 through 523 below, the MarkTen meets every limitation recited in claim 1 of the '752 Patent.

519.   The MarkTen includes "an atomizer assembly [300] for an electronic cigarette" as recited in claim 1 of the '752 Patent.



520. The MarkTen includes "an atomizer assembly housing [120a] containing an atomizer [320], liquid storage [330], and a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 1 of the '752 Patent.

521. The MarkTen includes "the screw thread electrode [160a] having a through hole [161a] centered on the screw thread electrode [160a]" as recited in claim 1 of the '752 Patent.



522.    The MarkTen includes "the atomizer [320] in physical contact with the liquid storage [330]" as recited in claim 1 of the '752 Patent.

523.    The MarkTen includes "a flow passageway leading from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 1 of the '752 Patent.

Case 1:16-cv-01261-CCE-JEP    Document 1    Filed 04/04/16    Page 189 of 313



524. As shown in the photograph of paragraph 525 below, the MarkTen meets every limitation recited in claim 2 of the '752 Patent.

525. The MarkTen includes "the atomizer [320] electrically connected to the screw thread electrode [160a]" as recited in claim 2 of the '752 Patent.



526. As shown in the photographs of paragraph 527 below, the MarkTen meets every limitation recited in claim 3 of the '752 Patent.

527. The MarkTen includes "the atomizer [320] comprising a heater coil [323]" as recited in claim 3 of the '752 Patent.



528.     As shown in the photographs of paragraph 529 below, the MarkTen meets every limitation recited in claim 4 of the '752 Patent.

529.     The MarkTen includes "the atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 4 of the '752 Patent.



530.    As shown in the photographs of paragraph 531 below, the MarkTen meets every limitation recited in claim 5 of the '752 Patent.

531.    The MarkTen includes "the porous component [324] [that] includes a fiber material" as recited in claim 5 of the '752 Patent.

1    532.    As shown in the photographs of paragraph 533 below, the MarkTen

2 meets every limitation recited in claim 7 of the '752 Patent.

3    533.    The MarkTen includes "the through hole [161a] substantially aligned

4 with the atomizer [320]" as recited in claim 7 of the '752 Patent.



22    534.    As shown in the photographs of paragraph 535 below, the MarkTen

23 meets every limitation recited in claim 8 of the '752 Patent.

24    535.    The MarkTen includes "the through hole [161a] in the screw thread

25 electrode [160a], the passageway and the outlet [150] comprising a flow path

26 through the atomizer assembly housing [120a] passing through the atomizer [320]"

27 as recited in claim 8 of the '752 Patent.

28

536.    As shown in the photographs of paragraph 537 below, the MarkTen meets every limitation recited in claim 10 of the '752 Patent.

537.    The MarkTen includes "the through-hole [161a] aligned with the atomizer [320]" as recited in claim 10 of the '752 Patent.

1
2
3
4
5
6
7

161a

8
9
10
11
12
13
14
15
16

161a

17

320

18    538.    As shown in the photographs of paragraphs 539 through 544 below,
19  the MarkTen meets every limitation recited in claim 11 of the '752 Patent.
20    539.    The MarkTen includes "an atomizer assembly [300] for an electronic
21  cigarette" as recited in claim 11 of the '752 Patent.



300

1      540.    The MarkTen includes "an atomizer assembly housing [120a]

2 containing an atomizer [320] and liquid storage [330]" as recited in claim 11 of the

3 '752 Patent.



20      541.    The MarkTen includes "a screw thread electrode [160a] on one end of

21 the atomizer assembly housing [120a]" as recited in claim 11 of the '752 Patent.

-195-



542.    The MarkTen includes "a through-hole [161a] in the screw thread electrode [160a] substantially aligned with the atomizer [320]" as recited in claim 11 of the '752 Patent.



1     543.    The MarkTen includes "the atomizer [320] electrically connected to

2 the screw thread electrode [160a] and with the atomizer [320] in physical contact

3 with the liquid storage [330]" as recited in claim 11 of the '752 Patent.



-197-

544.    The MarkTen includes "a flow passageway leading from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 11 of the '752 Patent.



545.    As shown in the photographs of paragraph 546 below, the MarkTen meets every limitation recited in claim 12 of the '752 Patent.

546.    The MarkTen includes "the atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 12 of the '752 Patent.



547.	As shown in the photographs of paragraph 548 below, the MarkTen meets every limitation recited in claim 13 of the '752 Patent.

548.	The MarkTen includes "the through-hole [161a] centered in the screw thread electrode [160a]" as recited in claim 13 of the '752 Patent.



549.     As shown in the photographs of paragraphs 550 through 0 below, the MarkTen meets every limitation recited in claim 14 of the '752 Patent.

550.     The MarkTen includes "atomizer assembly [300] for an electronic cigarette" as recited in claim 14 of the '752 Patent.



551.     The MarkTen includes "an atomizer assembly housing [120a] containing an atomizer [320] and liquid storage [330]" as recited in claim 14 of the '752 Patent.



552.     The MarkTen includes "a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 14 of the '752 Patent.



553.     The MarkTen includes "the atomizer [320] electrically connected to the screw thread electrode [160a]" as recited in claim 14 of the '752 Patent.



554.     The MarkTen includes "a through-hole [161a] in the screw thread electrode [160a] substantially aligned with the atomizer [320]" as recited in claim 14 of the '752 Patent.



555.    The MarkTen includes "a flow passageway from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 14 of the '752 Patent.



556.    As shown in the photographs of paragraph 557 below, the MarkTen meets every limitation recited in claim 15 of the '752 Patent.

557.    The MarkTen includes "the through-hole [161a] centered in the screw thread electrode [160a]" as recited in claim 15 of the '752 Patent.



558. As shown in the photographs of paragraphs 559 through 563 below, the MarkTen meets every limitation recited in claim 19 of the '752 Patent.

559. The MarkTen includes "an atomizer assembly [300] for an electronic cigarette" as recited in claim 19 of the '752 Patent.



560. The MarkTen includes "an atomizer assembly housing [120a] containing an atomizer [320], liquid storage [330], and a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 19 of the '752 Patent.



561. The MarkTen includes "the screw thread electrode [160a] having a through hole [161a] substantially aligned with the atomizer [320]" as recited in claim 19 of the '752 Patent.

-204-



562.     The MarkTen includes "the atomizer [320] in physical contact with the liquid storage [330]" as recited in claim 19 of the '752 Patent.



563. The MarkTen includes "a flow passageway leading from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 19 of the '752 Patent.



564. As shown in the photographs of paragraph 565 below, the MarkTen meets every limitation recited in claim 20 of the '752 Patent.

565. The MarkTen includes "the through-hole [161a] centered in the screw thread electrode [160a]" as recited in claim 20 of the '752 Patent.



-206-

**MarkTenXL**

566. As shown in the photographs of paragraphs 567 through 571 below, the MarkTenXL meets every limitation recited in claim 1 of the '752 Patent.

567. The MarkTenXL includes "an atomizer assembly [300] for an electronic cigarette" as recited in claim 1 of the '752 Patent.



568. The MarkTenXL includes "an atomizer assembly housing [120a] containing an atomizer [320], liquid storage [330], and a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 1 of the '752 Patent.



569. The MarkTenXL includes "the screw thread electrode [160a] having a through hole [161a] centered on the screw thread electrode [160a]" as recited in claim 1 of the '752 Patent.



570. The MarkTenXL includes "the atomizer [320] in physical contact with the liquid storage [330]" as recited in claim 1 of the '752 Patent.



571.    The MarkTenXL includes "a flow passageway leading from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 1 of the '752 Patent.



572.    As shown in the photograph of paragraph 573 below, the MarkTenXL meets every limitation recited in claim 2 of the '752 Patent.

573.    The MarkTenXL includes "the atomizer [320] electrically connected to the screw thread electrode [160a]" as recited in claim 2 of the '752 Patent.



-209-

1    574.    As shown in the photographs of paragraph 575 below, the MarkTenXL
2    meets every limitation recited in claim 3 of the '752 Patent.

3    575.    The MarkTenXL includes "the atomizer [320] comprising a heater coil
4    [323]" as recited in claim 3 of the '752 Patent.



19    576.    As shown in the photographs of paragraph 577 below, the MarkTenXL
20    meets every limitation recited in claim 4 of the '752 Patent.

21    577.    The MarkTenXL includes "the atomizer [320] including a heater coil
22    [323] wound around a porous component [324]" as recited in claim 4 of the '752
23    Patent.



578.     As shown in the photographs of paragraph 579 below, the MarkTenXL meets every limitation recited in claim 5 of the '752 Patent.

579.     The MarkTenXL includes "the porous component [324] [that] includes a fiber material" as recited in claim 5 of the '752 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 212 of 313



580.    As shown in the photographs of paragraph 581 below, the MarkTenXL meets every limitation recited in claim 7 of the '752 Patent.

581.    The MarkTenXL includes "the through hole [161a] substantially aligned with the atomizer [320]" as recited in claim 7 of the '752 Patent.

582. As shown in the photographs of paragraph 583 below, the MarkTenXL meets every limitation recited in claim 8 of the '752 Patent.

583. The MarkTenXL includes "the through hole [161a] in the screw thread electrode [160a], the passageway and the outlet [150] comprising a flow path through the atomizer assembly housing [120a] passing through the atomizer [320]" as recited in claim 8 of the '752 Patent.



584. As shown in the photographs of paragraph 584 below, the MarkTenXL meets every limitation recited in claim 10 of the '752 Patent.

585. The MarkTenXL includes "the through-hole [161a] aligned with the atomizer [320]" as recited in claim 10 of the '752 Patent.



586. As shown in the photographs of paragraphs 587 through 592 below, the MarkTenXL meets every limitation recited in claim 11 of the '752 Patent.

587. The MarkTenXL includes "an atomizer assembly [300] for an electronic cigarette" as recited in claim 11 of the '752 Patent.



588. The MarkTenXL includes "an atomizer assembly housing [120a] containing an atomizer [320] and liquid storage [330]" as recited in claim 11 of the '752 Patent.



589. The MarkTenXL includes "a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 11 of the '752 Patent.



590.     The MarkTenXL includes "a through-hole [161a] in the screw thread electrode [160a] substantially aligned with the atomizer [320]" as recited in claim 11 of the '752 Patent.



-216-

591.    The MarkTenXL includes "the atomizer [320] electrically connected to the screw thread electrode [160a] and with the atomizer [320] in physical contact with the liquid storage [330]" as recited in claim 11 of the '752 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 218 of 313

592.    The MarkTenXL includes "a flow passageway leading from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 11 of the '752 Patent.



593.    As shown in the photographs of paragraph 594 below, the MarkTenXL meets every limitation recited in claim 12 of the '752 Patent.

594.    The MarkTenXL includes "the atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 12 of the '752 Patent.

-218-



595.    As shown in the photographs of paragraph 596 below, the MarkTenXL meets every limitation recited in claim 13 of the '752 Patent.

596.    The MarkTenXL includes "the through-hole [161a] centered in the screw thread electrode [160a]" as recited in claim 13 of the '752 Patent.



-219-

597. As shown in the photographs of paragraphs 598 through 603 below, the MarkTenXL meets every limitation recited in claim 14 of the '752 Patent.

598. The MarkTenXL includes "atomizer assembly [300] for an electronic cigarette" as recited in claim 14 of the '752 Patent.



599. The MarkTenXL includes "an atomizer assembly housing [120a] containing an atomizer [320] and liquid storage [330]" as recited in claim 14 of the '752 Patent.



600. The MarkTenXL includes "a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 14 of the '752 Patent.



601.    The MarkTenXL includes "the atomizer [320] electrically connected to the screw thread electrode [160a]" as recited in claim 14 of the '752 Patent.

602.    The MarkTenXL includes "a through-hole [161a] in the screw thread electrode [160a] substantially aligned with the atomizer [320]" as recited in claim 14 of the '752 Patent.



603.     The MarkTenXL includes "a flow passageway from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 14 of the '752 Patent.



604.    As shown in the photographs of paragraph 605 below, the MarkTenXL meets every limitation recited in claim 15 of the '752 Patent.

605.    The MarkTenXL includes "the through-hole [161a] centered in the screw thread electrode [160a]" as recited in claim 15 of the '752 Patent.



606.    As shown in the photographs of paragraphs 607 through 611 below, the MarkTenXL meets every limitation recited in claim 19 of the '752 Patent.

607.    The MarkTenXL includes "an atomizer assembly [300] for an electronic cigarette" as recited in claim 19 of the '752 Patent.



608.    The MarkTenXL includes "an atomizer assembly housing [120a] containing an atomizer [320], liquid storage [330], and a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 19 of the '752 Patent.



609.    The MarkTenXL includes "the screw thread electrode [160a] having a through hole [161a] substantially aligned with the atomizer [320]" as recited in claim 19 of the '752 Patent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14



15    610.    The MarkTenXL includes "the atomizer [320] in physical contact with

16  the liquid storage [330]" as recited in claim 19 of the '752 Patent.

17

18

19

20

21

22

23

24

25

26

27

28



611. The MarkTenXL includes "a flow passageway leading from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 19 of the '752 Patent.



612. As shown in the photographs of paragraph 613 below, the MarkTenXL meets every limitation recited in claim 20 of the '752 Patent.

613. The MarkTenXL includes "the through-hole [161a] centered in the screw thread electrode [160a]" as recited in claim 20 of the '752 Patent.



Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 227 of 313

**GreenSmoke**

614.  As shown in the photographs of paragraphs 615 through 619 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 1 of the '752 Patent.

615.  The GreenSmoke E-Cigarette includes "an atomizer assembly [300] for an electronic cigarette" as recited in claim 1 of the '752 Patent.



616.  The GreenSmoke E-Cigarette includes "an atomizer assembly housing [120a] containing an atomizer [320], liquid storage [330], and a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 1 of the '752 Patent.



617.    The GreenSmoke E-Cigarette includes "the screw thread electrode [160a] having a through hole [161a] centered on the screw thread electrode [160a]" as recited in claim 1 of the '752 Patent.



618.    The GreenSmoke E-Cigarette includes "the atomizer [320] in physical contact with the liquid storage [330]" as recited in claim 1 of the '752 Patent.



619.    The GreenSmoke E-Cigarette includes "a flow passageway leading from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 1 of the '752 Patent.



620.   As shown in the photograph of paragraph 621 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 2 of the '752 Patent.

621.   The GreenSmoke E-Cigarette includes "the atomizer [320] electrically connected to the screw thread electrode [160a]" as recited in claim 2 of the '752 Patent.



622.   As shown in the photographs of paragraph 623 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 3 of the '752 Patent.

623.   The GreenSmoke E-Cigarette includes "the atomizer [320] comprising a heater coil [323]" as recited in claim 3 of the '752 Patent.



624.   As shown in the photographs of paragraph 625 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 4 of the '752 Patent.

625.   The GreenSmoke E-Cigarette includes "the atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 4 of the '752 Patent.

1



2
3
4
5
6
7
8
9
10
11
12
13
14
15

16    626.   As shown in the photographs of paragraph 627 below, the

17 GreenSmoke E-Cigarette meets every limitation recited in claim 5 of the '752

18 Patent.

19    627.   The GreenSmoke E-Cigarette includes "the porous component [324]

20 [that] includes a fiber material" as recited in claim 5 of the '752 Patent.

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12



13    628.   As shown in the photographs of paragraph 629 below, the

14   GreenSmoke E-Cigarette includes meets every limitation recited in claim 7 of the

15   '752 Patent.

16    629.   The GreenSmoke E-Cigarette includes "the through hole [161a]

17   substantially aligned with the atomizer [320]" as recited in claim 7 of the '752

18   Patent.

19
20
21
22
23
24
25
26
27
28

1



2
3
4
5
6
7
8
9
10
11
12
13
14
15

16    630.    As shown in the photographs of paragraph 631 below, the

17  GreenSmoke E-Cigarette meets every limitation recited in claim 8 of the '752

18  Patent.

19    631.    The GreenSmoke E-Cigarette includes "the through hole [161a] in the

20  screw thread electrode [160a], the passageway and the outlet [150] comprising a

21  flow path through the atomizer assembly housing [120a] passing through the

22  atomizer [320]" as recited in claim 8 of the '752 Patent.

23
24
25
26
27
28

-233-

632.   As shown in the photographs of paragraph 633 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 10 of the '752 Patent.

633.   The GreenSmoke E-Cigarette includes "the through-hole [161a] aligned with the atomizer [320]" as recited in claim 10 of the '752 Patent.



634.   As shown in the photographs of paragraphs 635 through 640 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 11 of the '752 Patent.

635.   The GreenSmoke E-Cigarette includes "an atomizer assembly [300] for an electronic cigarette" as recited in claim 11 of the '752 Patent.



636.   The GreenSmoke E-Cigarette includes "an atomizer assembly housing [120a] containing an atomizer [320] and liquid storage [330]" as recited in claim 11 of the '752 Patent.



637.   The GreenSmoke E-Cigarette includes "a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 11 of the '752 Patent.



638.    The GreenSmoke E-Cigarette includes "a through-hole [161a] in the screw thread electrode [160a] substantially aligned with the atomizer [320]" as recited in claim 11 of the '752 Patent.



639.    The GreenSmoke E-Cigarette includes "the atomizer [320] electrically connected to the screw thread electrode [160a] and with the atomizer [320] in physical contact with the liquid storage [330]" as recited in claim 11 of the '752 Patent.

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15    640.   The GreenSmoke E-Cigarette includes "a flow passageway leading
16  from the atomizer [320] to an outlet [150] of the atomizer assembly housing
17  [120a]" as recited in claim 11 of the '752 Patent.
18
19
20
21
22
23
24
25
26
27
28

641.   As shown in the photographs of paragraph 642 below, the GreenSmoke E-Cigarette includes meets every limitation recited in claim 12 of the '752 Patent.

642.   The GreenSmoke E-Cigarette includes "the atomizer [320] including a heater coil [323] wound around a porous component [324]" as recited in claim 12 of the '752 Patent.



643.    As shown in the photographs of paragraph 644 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 13 of the '752 Patent.

644.    The GreenSmoke E-Cigarette includes "the through-hole [161a] centered in the screw thread electrode [160a]" as recited in claim 13 of the '752 Patent.



645.   As shown in the photographs of paragraphs 646 through 651 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 14 of the '752 Patent.

646.   The GreenSmoke E-Cigarette includes "atomizer assembly [300] for an electronic cigarette" as recited in claim 14 of the '752 Patent.



647.   The GreenSmoke E-Cigarette includes "an atomizer assembly housing [120a] containing an atomizer [320] and liquid storage [330]" as recited in claim 14 of the '752 Patent.



-241-

648.    The GreenSmoke E-Cigarette includes "a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 14 of the '752 Patent.



649.    The GreenSmoke E-Cigarette includes "the atomizer [320] electrically connected to the screw thread electrode [160a]" as recited in claim 14 of the '752 Patent.



-242-

650.    The GreenSmoke E-Cigarette includes "a through-hole [161a] in the screw thread electrode [160a] substantially aligned with the atomizer [320]" as recited in claim 14 of the '752 Patent.



651.    The GreenSmoke E-Cigarette includes "a flow passageway from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 14 of the '752 Patent.



652.   As shown in the photographs of paragraph 653 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 15 of the '752 Patent.

653.   The GreenSmoke E-Cigarette includes "the through-hole [161a] centered in the screw thread electrode [160a]" as recited in claim 15 of the '752 Patent.



654.   As shown in the photographs of paragraphs 655 through 659 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 19 of the '752 Patent.

655.   The GreenSmoke E-Cigarette includes "an atomizer assembly [300] for an electronic cigarette" as recited in claim 19 of the '752 Patent.



656.   The GreenSmoke E-Cigarette includes "an atomizer assembly housing [120a] containing an atomizer [320], liquid storage [330], and a screw thread electrode [160a] on one end of the atomizer assembly housing [120a]" as recited in claim 19 of the '752 Patent.



657.    The GreenSmoke E-Cigarette includes "the screw thread electrode [160a] having a through hole [161a] substantially aligned with the atomizer [320]" as recited in claim 19 of the '752 Patent.



658.    The GreenSmoke E-Cigarette includes "the atomizer [320] in physical contact with the liquid storage [330]" as recited in claim 19 of the '752 Patent.



659.    The GreenSmoke E-Cigarette includes "a flow passageway leading from the atomizer [320] to an outlet [150] of the atomizer assembly housing [120a]" as recited in claim 19 of the '752 Patent.



1     660.   As shown in the photographs of paragraph 661 below, the

2     GreenSmoke E-Cigarette meets every limitation recited in claim 20 of the '752

3     Patent.

4     661.   The GreenSmoke E-Cigarette includes "the through-hole [161a]

5     centered in the screw thread electrode [160a]" as recited in claim 20 of the '752

6     Patent.



15    662.   Defendant has contributed to the infringement of the '752 Patent in

16    violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents,

17    contributing to the direct infringement of the '752 Patent by its customers by

18    unlawfully and wrongfully making, using, importing, offering to sell, and/or selling

19    electronic cigarette components having no substantially non-infringing use, which,

20    when purchased and/or used by its customers, result in direct infringement of the

21    '752 Patent, within and/or from the United States without permission or license

22    from the Plaintiffs, and will continue to do so unless enjoined by this Court.

23    663.   Examples of electronic cigarette components that have no substantial

24    noninfringing uses and that contribute to the direct infringement of the '752 Patent

25    include, but are not limited to, the MarkTen Products, MarkTenXL Products, and

26    GreenSmoke Products.

27    664.   The Plaintiffs are informed and believe that having knowledge of the

28    '752 Patent, Defendant has been aware that the purchase and use of the MarkTen

Products, MarkTenXL Products, and GreenSmoke Products by Defendant's customers, result in direct infringement of the '752 Patent.

665. Defendant instructs users on how to use the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.[21]

666. Defendant instructs users to use a replacement MarkTen or MarkTenXL Cartridge when a MarkTen or MarkTenXL Cartridge is depleted, or to use a replacement MarkTen or MarkTenXL Battery when a MarkTen or MarkTenXL Battery is depleted.

667. Defendant further instructs users that "MarkTen® e-vapor products are designed to work together[,]" and that "[u]sing MarkTen® e-vapor products with non-MarkTen® e-vapor products may be unsafe, and is not advised."[22]

668. Defendant further instructs that "[c]ustomers should note that using MarkTen® e-vapor products with another brand's e-vapor products will invalidate the warranty."[23]

669. Defendant instructs users to use a replacement GreenSmoke Cartridge when a GreenSmoke Cartridge is depleted, or to use a replacement GreenSmoke Battery when a GreenSmoke Battery is depleted.[24]

---

[21] *See*, *e.g.*, MarkTen® Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/current-gen-product-info-guide.pdf (last visited April 4, 2016) (Exhibit M); MarkTen®XL Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/XL-product-info-guide.pdf (last visited April 4, 2016) (Exhibit N); How to Use Your E-Cig Starter Kit, https://www.greensmoke.com/ecig-info/how-to-use-your-e-cig-starter-kit.html (last visited April 4, 2016) (Exhibit O).

[22] Why do I have to use your cartridges only with your batteries, and your batteries only with your cartridges? https://www.markten.com/faq (last visited April 4, 2016) (Exhibit P).

[23] *Id.*

[24] *See*, *e.g.*, How Do Green Smoke® E-Cigarettes Work? https://www.greensmoke.com/ecig-info/how-electronic-cigarettes-work.html (last visited April 4, 2016) (Exhibit Q).

670.   Defendant knows that the MarkTen Products, MarkTenXL Products, and GreenSmoke Products, including the replacement Cartridges and replacement batteries sold separately, have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes the '752 Patent, and therefore that they are especially made or adapted for use in infringement of the '752 Patent.

671.   As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to lost profits on the infringing sales the Plaintiffs may have made and reasonable royalties on sales not made.  The Plaintiffs are also entitled to their costs of suit and interest.

672.   Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs, such as reduction of the Plaintiffs' proper market share and deprivation of the Plaintiffs' rights to exclude others.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

673.   In view of Defendant's knowledge of the '752 Patent, Defendant has proceeded to infringe the '752 Patent despite an objectively high likelihood that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '752 Patent is willful and deliberate, entitling the Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S. C. § 285.

## **SEVENTH CLAIM FOR RELIEF**

(Infringement of U.S. Patent No. 8,893,726)

674.   The Plaintiffs incorporate by reference the allegations contained in paragraphs 1–673 above.

675.   Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,893,726 ("the '726 Patent") (Exhibit G).  Fontem Holdings has granted Fontem Ventures an exclusive license to the '726 Patent, including the right to sublicense the '726 Patent.  The '726 Patent was duly and legally issued by the USPTO on November 25, 2014 and is valid, subsisting, and in full force and effect.

676.   The Plaintiffs are informed and believe that Defendant has had knowledge of the '726 Patent, and of the Plaintiffs' rights therein.

677.   On May 11, 2015, third party Vapor Corp served a subpoena identifying the '726 Patent on Altria, together with its affiliates and subsidiaries. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 2-1 at 13, ¶ 8 (Exhibit I); 2-2 at 12, ¶ 18 (E.D. VA, May 26, 2015) (Exhibit J).

678.   In response to that subpoena, Altria, together with is affiliates and subsidiaries, acknowledged the existence of the '726 Patent in a motion to quash filed in the District Court for the Eastern District of Virginia on May 26, 2015 by Altria.  *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 1 at 1 (Exhibit K); 2 at 1–2 (Exhibit L); 2-3 at p. 3, ¶ 10 (Exhibit R).

679.   Accordingly, Nu Mark, an affiliate or subsidiary of Altria, has had knowledge of the '726 Patent since at least May 11, 2015.

680.   At all relevant times, Defendant and the public in general have had notice of the '726 Patent because the Plaintiffs have marked the packaging of their products embodying the '726 Patent in accordance with 35 U.S.C. § 287.

681.   Defendant infringes the '726 Patent both literally and pursuant to the doctrine of equivalents.

682.   Defendant has directly infringed the '726 Patent in violation of at least 35 U.S.C. § 271(a) by, themselves and/or their agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '726 Patent,

within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

683.   Examples of electronic cigarette products that directly infringe the '726 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

684.   The MarkTen Products, MarkTenXL Products, and GreenSmoke Products infringe at least claims 1, 2, 3, 4, 9, 10, 14, 15, 16, and 17 of the '726 Patent.

**MarkTen**

685.   As shown in the photographs of paragraphs 686 through 692 below, the MarkTen meets every limitation recited in claim 1 of the '726 Patent.

686.   The MarkTen is an electronic cigarette as recited in claim 1 of the '726 Patent.





687. The MarkTen includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 1 of the '726 Patent.



688. The MarkTen includes "a liquid storage body [330] in the housing [120] holding a liquid" as recited in claim 1 of the '726 Patent.



689. The MarkTen includes "an air flow path through the housing [120]" as recited in claim 1 of the '726 Patent.



-252-

690.   The MarkTen includes "an atomizer [320] in the housing [120] between the inlet [140] and the outlet [150]" as recited in claim 1 of the '726 Patent.



691.   The MarkTen includes "a porous body [327] in contact with the liquid storage body [330]" as recited in claim 1 of the '726 Patent.



692.   The MarkTen includes "a heating wire [323] in the atomizer [320] surrounded by the porous body [327]" as recited in claim 1 of the '726 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 254 of 313

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15    693.   As shown in the photographs of paragraph 694 below, the MarkTen
16 meets every limitation recited in claim 2 of the '726 Patent.
17    694.   The MarkTen includes "the liquid storage body [330] including fiber
18 material" as recited in claim 2 of the '726 Patent.
19
20
21
22
23
24
25
26
27
28



-254-

695.   As shown in the photographs of paragraph 696 below, the MarkTen meets every limitation recited in claim 3 of the '726 Patent.

696.   The MarkTen includes "the housing [120] [comprising] a cylindrical tube having a central axis and the heating wire [323] extending in a direction substantially perpendicular to the central axis" as recited in claim 3 of the '726 Patent.



697.   As shown in the photographs of paragraph 698 below, the MarkTen meets every limitation recited in claim 4 of the '726 Patent.

698.   The MarkTen includes "a battery [210], a sensor [230] and an electronic circuit board [220] within the housing [120], with the circuit board [220] electrically connected to the battery [210], the sensor [230] and the heating wire [323]" as recited in claim 4 of the '726 Patent.

-255-

699.    As shown in the photographs of paragraph 700 below, the MarkTen meets every limitation recited in claim 9 of the '726 Patent.

700.    The MarkTen includes "the heating wire [323] comprising a wire coil" as recited in claim 9 of the '726 Patent.



701.   As shown in the photographs of paragraph 702 below, the MarkTen meets every limitation recited in claim 10 of the '726 Patent.

702.   The MarkTen includes "an atomization cavity within the atomizer [320]" as recited in claim 10 of the '726 Patent.



703. As shown in the photographs of paragraphs 704 through 709 below, the MarkTen meets every limitation recited in claim 14 of the '726 Patent.

704. The MarkTen is an electronic cigarette as recited in claim 14 of the '726 Patent.





705. The MarkTen includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 14 of the '726 Patent.



-258-

706. The MarkTen includes "a liquid storage body [330] in the housing [120] holding a liquid" as recited in claim 14 of the '726 Patent.



707. The MarkTen includes "an air flow path through the housing [120]" as recited in claim 14 of the '726 Patent.



708. The MarkTen includes "a porous cylindrical atomizer [320] in the housing [120] between the inlet [140] and the outlet [150], with the porous cylindrical atomizer [320] in contact with the liquid storage body [330]" as recited in claim 14 of the '726 Patent.



709.    The MarkTen includes "a heating wire coil [323] within and surrounded by the porous cylindrical atomizer [320]" as recited in claim 14 of the '726 Patent.



710.    As shown in the photographs of paragraphs 711 through 716 below, the MarkTen meets every limitation recited in claim 15 of the '726 Patent.

711.    The MarkTen is an electronic cigarette as recited in claim 15 of the '726 Patent.



712. The MarkTen includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 15 of the '726 Patent.



713. The MarkTen includes "an electronic circuit board [220] and an atomizer [320] having a heating element [323], within the housing [120]" as recited in claim 15 of the '726 Patent.



714. The MarkTen includes "a battery [210] electrically connected to the electronic circuit board [220]" as recited in claim 15 of the '726 Patent.



715. The MarkTen includes "a stream passage within the housing [120] leading from the inlet [140] to the atomizer [320]" as recited in claim 15 of the '726 Patent.



716. The MarkTen includes "a liquid storage body [330] including fiber material in a cylindrical section of the housing [120], with the liquid storage body [330] in physical contact with the atomizer [320]; and an aerosol passage from the atomizer [320] to the outlet [150]" as recited in claim 15 of the '726 Patent.



717. As shown in the photographs of paragraph 718 below, the MarkTen meets every limitation recited in claim 16 of the '726 Patent.

718. The MarkTen includes "a sensor [230] in the stream passage, with the sensor [230] electrically linked to the electronic circuit board [220]" as recited in claim 16 of the '726 Patent.



719. As shown in the photographs of paragraph 719 below, the MarkTen meets every limitation recited in claim 17 of the '726 Patent.

720. The MarkTen includes "the heating element [323] comprising a wire coil in a cavity in the atomizer [320]" as recited in claim 17 of the '726 Patent.



**MarkTenXL**

721. As shown in the photographs of paragraphs 722 through 728 below, the MarkTenXL meets every limitation recited in claim 1 of the '726 Patent.

722. The MarkTenXL is an electronic cigarette as recited in claim 1 of the '726 Patent.



723.    The MarkTenXL includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 1 of the '726 Patent.



724.    The MarkTenXL includes "a liquid storage body [330] in the housing [120] holding a liquid" as recited in claim 1 of the '726 Patent.



725.    The MarkTenXL includes "an air flow path through the housing [120]" as recited in claim 1 of the '726 Patent.



-265-

726. The MarkTenXL includes "an atomizer [320] in the housing [120] between the inlet [140] and the outlet [150]" as recited in claim 1 of the '726 Patent.



727. The MarkTenXL includes "a porous body [327] in contact with the liquid storage body [330]" as recited in claim 1 of the '726 Patent.



728. The MarkTenXL includes "a heating wire [323] in the atomizer [320] surrounded by the porous body [327]" as recited in claim 1 of the '726 Patent.



729.   As shown in the photographs of paragraph 730 below, the MarkTenXL meets every limitation recited in claim 2 of the '726 Patent.

730.   The MarkTenXL includes "the liquid storage body [330] including fiber material" as recited in claim 2 of the '726 Patent.

731.   As shown in the photographs of paragraph 732 below, the MarkTenXL meets every limitation recited in claim 3 of the '726 Patent.

732.   The MarkTenXL includes "the housing [120] [comprising] a cylindrical tube having a central axis and the heating wire [323] extending in a direction substantially perpendicular to the central axis" as recited in claim 3 of the '726 Patent.



733.   As shown in the photographs of paragraph 734 below, the MarkTenXL meets every limitation recited in claim 4 of the '726 Patent.

734.   The MarkTenXL includes "a battery [210], a sensor [230] and an electronic circuit board [220] within the housing [120], with the circuit board [220] electrically connected to the battery [210], the sensor [230] and the heating wire [323]" as recited in claim 4 of the '726 Patent.

735. As shown in the photographs of paragraph 736 below, the MarkTenXL meets every limitation recited in claim 9 of the '726 Patent.

736. The MarkTenXL includes "the heating wire [323] comprising a wire coil" as recited in claim 9 of the '726 Patent.



737.   As shown in the photographs of paragraph 738 below, the MarkTenXL meets every limitation recited in claim 10 of the '726 Patent.

738.   The MarkTenXL includes "an atomization cavity within the atomizer [320]" as recited in claim 10 of the '726 Patent.



739.   As shown in the photographs of paragraphs 740 through 745 below, the MarkTenXL meets every limitation recited in claim 14 of the '726 Patent.

740.   The MarkTenXL is an electronic cigarette as recited in claim 14 of the '726 Patent.



741.   The MarkTenXL includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 14 of the '726 Patent.



742.   The MarkTenXL includes "a liquid storage body [330] in the housing [120] holding a liquid" as recited in claim 14 of the '726 Patent.



743.   The MarkTenXL includes "an air flow path through the housing [120]" as recited in claim 14 of the '726 Patent.



744.   The MarkTenXL includes "a porous cylindrical atomizer [320] in the housing [120] between the inlet [140] and the outlet [150], with the porous cylindrical atomizer [320] in contact with the liquid storage body [330]" as recited in claim 14 of the '726 Patent.



745.   The MarkTenXL includes "a heating wire coil [323] within and surrounded by the porous cylindrical atomizer [320]" as recited in claim 14 of the '726 Patent.

-272-

746.   As shown in the photographs of paragraphs 747 through 752 below, the MarkTenXL meets every limitation recited in claim 15 of the '726 Patent.

747.   The MarkTenXL is an electronic cigarette as recited in claim 15 of the '726 Patent.



748.   The MarkTenXL includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 15 of the '726 Patent.



749.   The MarkTenXL includes "an electronic circuit board [220] and an atomizer [320] having a heating element [323], within the housing [120]" as recited in claim 15 of the '726 Patent.

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 274 of 313



750.  The MarkTenXL includes "a battery [210] electrically connected to the electronic circuit board [220]" as recited in claim 15 of the '726 Patent.



751.   The MarkTenXL includes "a stream passage within the housing [120] leading from the inlet [140] to the atomizer [320]" as recited in claim 15 of the '726 Patent.



752.   The MarkTenXL includes "a liquid storage body [330] including fiber material in a cylindrical section of the housing [120], with the liquid storage body [330] in physical contact with the atomizer [320]; and an aerosol passage from the atomizer [320] to the outlet [150]" as recited in claim 15 of the '726 Patent.



753.    As shown in the photographs of paragraph 754 below, the MarkTenXL meets every limitation recited in claim 16 of the '726 Patent.

754.    The MarkTenXL includes "a sensor [230] in the stream passage, with the sensor [230] electrically linked to the electronic circuit board [220]" as recited in claim 16 of the '726 Patent.



755.   As shown in the photographs of paragraph 756 below, the MarkTenXL meets every limitation recited in claim 17 of the '726 Patent.

756.   The MarkTenXL includes "the heating element [323] comprising a wire coil in a cavity in the atomizer [320]" as recited in claim 17 of the '726 Patent.



**GreenSmoke**

757.   As shown in the photographs of paragraphs 758 through 764 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 1 of the '726 Patent.

758.   The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 1 of the '726 Patent.



759.   The GreenSmoke E-Cigarette includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 1 of the '726 Patent.



760.   The GreenSmoke E-Cigarette includes "a liquid storage body [330] in the housing [120] holding a liquid" as recited in claim 1 of the '726 Patent.



761.   The GreenSmoke E-Cigarette includes "an air flow path through the housing [120]" as recited in claim 1 of the '726 Patent.



-278-

1      762.   The GreenSmoke E-Cigarette includes "an atomizer [320] in the
2  housing [120] between the inlet [140] and the outlet [150]" as recited in claim 1 of
3  the '726 Patent.



12      763.   The GreenSmoke E-Cigarette includes "a porous body [327] in contact
13  with the liquid storage body [330]" as recited in claim 1 of the '726 Patent.



22      764.   The GreenSmoke E-Cigarette includes "a heating wire [323] in the
23  atomizer [320] surrounded by the porous body [327]" as recited in claim 1 of the
24  '726 Patent.



765.   As shown in the photographs of paragraph 766 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 2 of the '726 Patent.

766.   The GreenSmoke E-Cigarette includes "the liquid storage body [330] including fiber material" as recited in claim 2 of the '726 Patent.



767.   As shown in the photographs of paragraph 768 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 3 of the '726 Patent.

768.   The GreenSmoke E-Cigarette includes "the housing [120] [comprising] a cylindrical tube having a central axis and the heating wire [323]

extending in a direction substantially perpendicular to the central axis" as recited in claim 3 of the '726 Patent.



769. As shown in the photographs of paragraph 770 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 4 of the '726 Patent.

770. The GreenSmoke E-Cigarette includes "a battery [210], a sensor [230] and an electronic circuit board [220] within the housing [120], with the circuit board [220] electrically connected to the battery [210], the sensor [230] and the heating wire [323]" as recited in claim 4 of the '726 Patent.

-281-



771.   As shown in the photographs of paragraph 772 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 9 of the '726 Patent.

772.   The GreenSmoke E-Cigarette includes "the heating wire [323] comprising a wire coil" as recited in claim 9 of the '726 Patent.



773.  As shown in the photographs of paragraph 774 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 10 of the '726 Patent.

774.  The GreenSmoke E-Cigarette includes "an atomization cavity within the atomizer [320]" as recited in claim 10 of the '726 Patent.



-283-

775.  As shown in the photographs of paragraphs 776 through 781 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 14 of the '726 Patent.

776.  The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 14 of the '726 Patent.



777.  The GreenSmoke E-Cigarette includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 14 of the '726 Patent.



778.  The GreenSmoke E-Cigarette includes "a liquid storage body [330] in the housing [120] holding a liquid" as recited in claim 14 of the '726 Patent.



-284-

779.    The GreenSmoke E-Cigarette includes "an air flow path through the housing [120]" as recited in claim 14 of the '726 Patent.



780.    The GreenSmoke E-Cigarette includes "a porous cylindrical atomizer [320] in the housing [120] between the inlet [140] and the outlet [150], with the porous cylindrical atomizer [320] in contact with the liquid storage body [330]" as recited in claim 14 of the '726 Patent.



781. The GreenSmoke E-Cigarette includes "a heating wire coil [323] within and surrounded by the porous cylindrical atomizer [320]" as recited in claim 14 of the '726 Patent.



782. As shown in the photographs of paragraphs 783 through 788 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 15 of the '726 Patent.

783. The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 15 of the '726 Patent.



784. The GreenSmoke E-Cigarette includes "a housing [120] having an inlet [140] and an outlet [150]" as recited in claim 15 of the '726 Patent.



785. The GreenSmoke E-Cigarette includes "an electronic circuit board [220] and an atomizer [320] having a heating element [323], within the housing [120]" as recited in claim 15 of the '726 Patent.



786. The GreenSmoke E-Cigarette includes "a battery [210] electrically connected to the electronic circuit board [220]" as recited in claim 15 of the '726 Patent.



787.   The GreenSmoke E-Cigarette includes "a stream passage within the housing [120] leading from the inlet [140] to the atomizer [320]" as recited in claim 15 of the '726 Patent.

788.   The GreenSmoke E-Cigarette includes "a liquid storage body [330] including fiber material in a cylindrical section of the housing [120], with the liquid storage body [330] in physical contact with the atomizer [320]; and an aerosol passage from the atomizer [320] to the outlet [150]" as recited in claim 15 of the '726 Patent.



789.   As shown in the photographs of paragraph 790 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 16 of the '726 Patent.

790.   The GreenSmoke E-Cigarette includes "a sensor [230] in the stream passage, with the sensor [230] electrically linked to the electronic circuit board [220]" as recited in claim 16 of the '726 Patent.



791.   As shown in the photographs of paragraph 792 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 17 of the '726 Patent.

792.   The GreenSmoke E-Cigarette includes "the heating element [323] comprising a wire coil in a cavity in the atomizer [320]" as recited in claim 17 of the '726 Patent.



793.   Defendant has also contributed to the infringement of the '726 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '726 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of the '726 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

794.   Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '726 Patent

include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

795. The Plaintiffs are informed and believe that having knowledge of the '726 Patent, Defendant has been aware that the use of the MarkTen Products, MarkTenXL Products, and GreenSmoke Products by Defendant's customers, results in direct infringement of the '726 Patent.

796. Defendant instructs users on how to use the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.[25]

797. Defendant further instructs users to use a replacement MarkTen or MarkTenXL Cartridge when a MarkTen or MarkTenXL Cartridge is depleted, or to use a replacement MarkTen or MarkTenXL Battery when a MarkTen or MarkTenXL Battery is depleted.

798. Defendant further instructs users that "MarkTen® e-vapor products are designed to work together[,]" and that "[u]sing MarkTen® e-vapor products with non-MarkTen® e-vapor products may be unsafe, and is not advised."[26]

799. Defendant further instructs that "[c]ustomers should note that using MarkTen® e-vapor products with another brand's e-vapor products will invalidate the warranty."[27]

---

[25] *See, e.g.*, MarkTen® Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/current-gen-product-info-guide.pdf (last visited April 4, 2016) (Exhibit M); MarkTen®XL Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/XL-product-info-guide.pdf (last visited April 4, 2016) (Exhibit N); How to Use Your E-Cig Starter Kit, https://www.greensmoke.com/ecig-info/how-to-use-your-e-cig-starter-kit.html (last visited April 4, 2016) (Exhibit O).
[26] Why do I have to use your cartridges only with your batteries, and your batteries only with your cartridges?  https://www.markten.com/faq (last visited April 4, 2016) (Exhibit P).
[27] *Id.*

800. Defendant instructs users to use a replacement GreenSmoke Cartridge when a GreenSmoke Cartridge is depleted, or to use a replacement GreenSmoke Battery when a GreenSmoke Battery is depleted.[28]

801. As such, Defendant knows that the MarkTen Products, MarkTenXL Products, and GreenSmoke Products, including the replacement Cartridges and replacement batteries sold separately, have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes the '726 Patent, and therefore that they are especially made or adapted for use in infringement of the '726 Patent.

802. As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to lost profits on the infringing sales the Plaintiffs may have made and reasonable royalties on sales not made. The Plaintiffs are also entitled to their costs of suit and interest.

803. Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs, such as reduction of the Plaintiffs' proper market share and deprivation of the Plaintiffs' rights to exclude others. The Plaintiffs have no adequate remedy at law. The Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

804. In view of Defendant's knowledge of the '726 Patent, Defendant has proceeded to infringe the '726 Patent despite an objectively high likelihood that its actions constituted infringement of a valid patent. Thus, Defendant's infringement of the '726 Patent is willful and deliberate, entitling the Plaintiffs to increased

---

[28] *See*, *e.g.*, How Do Green Smoke® E-Cigarettes Work? https://www.greensmoke.com/ecig-info/how-electronic-cigarettes-work.html (last visited April 4, 2016) (Exhibit Q).

damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S. C. § 285.

### EIGHTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 8,899,239)

805. The Plaintiffs incorporate by reference the allegations contained in paragraphs 1–804 above.

806. Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,899,239 ("the '239 Patent") (Exhibit H). Fontem Holdings has granted Fontem Ventures an exclusive license to the '239 Patent, including the right to sublicense the '239 Patent. The '239 Patent was duly and legally issued by the USPTO on December 2, 2014 and is valid, subsisting, and in full force and effect.

807. The Plaintiffs are informed and believe that Defendant has had knowledge of the '239 Patent, and of the Plaintiffs' rights therein.

808. On May 11, 2015, third party Vapor Corp served a subpoena identifying the '239 Patent on Altria, together with its affiliates and subsidiaries. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 2-1 at 13, ¶ 8 (Exhibit I); 2-2 at 12, ¶ 18 (E.D. VA, May 26, 2015) (Exhibit J).

809. In response to that subpoena, Altria, together with is affiliates and subsidiaries, acknowledged the existence of the '239 Patent in a motion to quash filed in the District Court for the Eastern District of Virginia on May 26, 2015 by Altria. *See Fontem v. Njoy*, Case No. 3:15-MC-004, Dkt. Nos. 1 at 1 (Exhibit K); 2 at 1–2 (Exhibit L); 2-3 at p. 3, ¶ 10 (Exhibit R).

810. Accordingly, Nu Mark, an affiliate or subsidiary of Altria, has had knowledge of the '239 Patent since at least May 11, 2015.

811. At all relevant times, Defendant and the public in general have had notice of the '239 Patent because the Plaintiffs have marked the packaging of their products embodying the '239 Patent in accordance with 35 U.S.C. § 287.

812. Defendant infringes the '239 Patent both literally and pursuant to the doctrine of equivalents.

813. Defendant has directly infringed the '239 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '239 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

814. Examples of electronic cigarette products that directly infringe the '239 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

815. The MarkTen Products, MarkTenXL Products, and GreenSmoke Products infringe at least claims 1, 2, and 9 of the '239 Patent.

816. The MarkTen Products and GreenSmoke Products further infringe claim 10 of the '239 Patent.

**MarkTen**

817. As shown in the photographs of paragraphs 818 through 823 below, the MarkTen meets every limitation recited in claim 1 of the '239 Patent.

818. The MarkTen is an electronic cigarette as recited in claim 1 of the '239 Patent.



819.    The MarkTen includes "a housing [120]" as recited in claim 1 of the '239 Patent.

820.    The MarkTen includes "a control circuit [220] electrically connected to an airflow sensor [230] in the housing [120]" as recited in claim 1 of the '239 Patent.



-295-

821. The MarkTen includes "a light source [240] at a first end of the housing [120]" as recited in claim 1 of the '239 Patent.



822. The MarkTen includes "the light source [240] electrically connected to the control circuit [220]" as recited in claim 1 of the '239 Patent.



823. The MarkTen includes "the light source [240] configured to provide a gradual change in luminance via control by the control circuit [220], when the

airflow sensor [230] senses airflow, to simulate a conventional cigarette" as recited in claim 1 of the '239 Patent.



824.   As shown in the photographs of paragraph 825 below, the MarkTen meets every limitation recited in claim 2 of the '239 Patent.

825.   The MarkTen includes "a battery [210] in the housing [120] electrically connected to the control circuit [220]" as recited in claim 2 of the '239 Patent.



826.   As shown in the photographs of paragraph 827 below, the MarkTen meets every limitation recited in claim 9 of the '239 Patent.

827.   The MarkTen includes "the housing [120] having a first section [120b] attached to a second section [120a] and with the battery [210] and the light source [240] in the first section [120b]" as recited in claim 9 of the '239 Patent.



828.   As shown in the photographs of paragraph 829 below, the MarkTen meets every limitation recited in claim 10 of the '239 Patent.

829.   The MarkTen includes "the light source comprising a red LED" as recited in claim 10 of the '239 Patent.  As shown in the illustration below, the MarkTen website, operated by Nu Mark, admits that the product comprises a red LED.

red LED

## Using your MarkTen®
## e-vapor device

- Remove the MarkTen® e-vapor device from its packaging.
- Place the e-vapor cartridge end in your mouth and draw. This will activate your MarkTen® e-vapor device.
- Each time you draw on the MarkTen® e-vapor device, the red LED on the tip will illuminate to indicate the product is working properly.
- When the battery needs to be recharged, the LED will blink rapidly and repeatedly.
- When your e-vapor cartridge is almost empty, you will notice a reduction in flavor and vapor. Please replace the cartridge. The cartridge is not refillable.

*See*, MarkTen Product Information Guide, http://www.nu-mark.com/our-products/mark-ten/Documents/MarkTen_Product_Information_Guide.pdf

**MarkTenXL**

830.   As shown in the photographs of paragraphs 831 through 836 below, the MarkTenXL meets every limitation recited in claim 1 of the '239 Patent.

831.   The MarkTenXL is an electronic cigarette as recited in claim 1 of the '239 Patent.



832.   The MarkTenXL includes "a housing [120]" as recited in claim 1 of the '239 Patent.


120

833.    The MarkTenXL includes "a control circuit [220] electrically connected to an airflow sensor [230] in the housing [120]" as recited in claim 1 of the '239 Patent.



834.    The MarkTenXL includes "a light source [240] at a first end of the housing [120]" as recited in claim 1 of the '239 Patent.



835.   The MarkTenXL includes "the light source [240] electrically connected to the control circuit [220]" as recited in claim 1 of the '239 Patent.



836.   The MarkTenXL includes "the light source [240] configured to provide a gradual change in luminance via control by the control circuit [220], when the airflow sensor [230] senses airflow, to simulate a conventional cigarette" as recited in claim 1 of the '239 Patent.

1



2

3

4

5

6

7

8

9

10

11

12

13    837.    As shown in the photographs of paragraph 838 below, the MarkTenXL

14    meets every limitation recited in claim 2 of the '239 Patent.

15    838.    The MarkTenXL includes "a battery [210] in the housing [120]

16    electrically connected to the control circuit [220]" as recited in claim 2 of the '239

17    Patent.

18



19

20

21

22

23

24

25

26

27

28

-302-

839.   As shown in the photographs of paragraph 840 below, the MarkTenXL meets every limitation recited in claim 9 of the '239 Patent.

840.   The MarkTenXL includes "the housing [120] having a first section [120b] attached to a second section [120a] and with the battery [210] and the light source [240] in the first section [120b]" as recited in claim 9 of the '239 Patent.



### GreenSmoke

841.   As shown in the photographs of paragraphs 842 through 847 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 1 of the '239 Patent.

842.   The GreenSmoke E-Cigarette is an electronic cigarette as recited in claim 1 of the '239 Patent.



-303-

843.    The GreenSmoke E-Cigarette includes "a housing [120]" as recited in claim 1 of the '239 Patent.



844.    The GreenSmoke E-Cigarette includes "a control circuit [220] electrically connected to an airflow sensor [230] in the housing [120]" as recited in claim 1 of the '239 Patent.



845.    The GreenSmoke E-Cigarette includes "a light source [240] at a first end of the housing [120]" as recited in claim 1 of the '239 Patent.



846.    The GreenSmoke E-Cigarette includes "the light source [240] electrically connected to the control circuit [220]" as recited in claim 1 of the '239 Patent.



847.    The GreenSmoke E-Cigarette includes "the light source [240] configured to provide a gradual change in luminance via control by the control circuit [220], when the airflow sensor [230] senses airflow, to simulate a conventional cigarette" as recited in claim 1 of the '239 Patent.





848.    As shown in the photographs of paragraph 849 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 2 of the '239 Patent.

849.    The GreenSmoke E-Cigarette includes "a battery [210] in the housing [120] electrically connected to the control circuit [220]" as recited in claim 2 of the '239 Patent.



850.    As shown in the photographs of paragraph 851 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 9 of the '239 Patent.

851.    The GreenSmoke E-Cigarette includes "the housing [120] having a first section [120b] attached to a second section [120a] and with the battery [210] and the light source [240] in the first section [120b]" as recited in claim 9 of the '239 Patent

Case 1:16-cv-01261-CCE-JEP   Document 1   Filed 04/04/16   Page 308 of 313

852.   As shown in the photograph of paragraph 853 below, the GreenSmoke E-Cigarette meets every limitation recited in claim 10 of the '239 Patent.

853.   The GreenSmoke E-Cigarette includes "the light source comprising a red LED" as recited in claim 10 of the '239 Patent.



854.   Defendant has also contributed to the infringement of the '239 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '239 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of the '239 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.

855.   Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '239 Patent include, but are not limited to, the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.

856.   The Plaintiffs are informed and believe that having knowledge of the '239 Patent, Defendant has been aware that the purchase and use of the MarkTen

Products, MarkTenXL Products, and GreenSmoke Products by Defendant's customers, result in direct infringement of the '239 Patent.

857. Defendant instructs users on how to use the MarkTen Products, MarkTenXL Products, and GreenSmoke Products.[29]

858. Defendant instructs users to use a replacement MarkTen or MarkTenXL Cartridge when a MarkTen or MarkTenXL Cartridge is depleted, or to use a replacement MarkTen or MarkTenXL Battery when a MarkTen or MarkTenXL Battery is depleted.

859. Defendant further instructs users that "MarkTen® e-vapor products are designed to work together[,]" and that "[u]sing MarkTen® e-vapor products with non-MarkTen® e-vapor products may be unsafe, and is not advised."[30]

860. Defendant further instructs that "[c]ustomers should note that using MarkTen® e-vapor products with another brand's e-vapor products will invalidate the warranty."[31]

861. Defendant instructs users to use a replacement GreenSmoke Cartridge when a GreenSmoke Cartridge is depleted, or to use a replacement GreenSmoke Battery when a GreenSmoke Battery is depleted.[32]

---

[29] *See*, *e.g.*, MarkTen® Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/current-gen-product-info-guide.pdf (last visited April 4, 2016) (Exhibit M); MarkTen®XL Product Information Guide, https://www.markten.com/skin/frontend/markten/default/uploads/XL-product-info-guide.pdf (last visited April 4, 2016) (Exhibit N); How to Use Your E-Cig Starter Kit, https://www.greensmoke.com/ecig-info/how-to-use-your-e-cig-starter-kit.html (last visited April 4, 2016) (Exhibit O).

[30] Why do I have to use your cartridges only with your batteries, and your batteries only with your cartridges? https://www.markten.com/faq (last visited April 4, 2016) (Exhibit P).

[31] *Id.*

[32] *See*, *e.g.*, How Do Green Smoke® E-Cigarettes Work? https://www.greensmoke.com/ecig-info/how-electronic-cigarettes-work.html (last visited April 4, 2016) (Exhibit Q).

862.  As such, Defendant knows that the MarkTen Products, MarkTenXL Products, and GreenSmoke Products, including the replacement Cartridges and replacement batteries sold separately, have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes the '239 Patent, and therefore that they are especially made or adapted for use in infringement of the '239 Patent.

863.  As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined, which include but are not limited to lost profits on the infringing sales the Plaintiffs may have made and reasonable royalties on sales not made.  The Plaintiffs are also entitled to their costs of suit and interest.

864.  Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs, such as reduction of the Plaintiffs' proper market share and deprivation of the Plaintiffs' rights to exclude others.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to injunctive relief enjoining Defendant from engaging in further acts of infringement.

865.  In view of Defendant's knowledge of the '239 Patent, Defendant has proceeded to infringe the '239 Patent despite an objectively high likelihood that its actions constituted infringement of a valid patent.  Thus, Defendant's infringement of the '239 Patent is willful and deliberate, entitling the Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S. C. § 285.

## **PRAYER FOR RELIEF**

The Plaintiffs request entry of judgment as follows:

A.	Entry of judgment that Defendant is liable for infringement of the '742 Patent, the '957 Patent, the '331 Patent, the '805 Patent, the '628 Patent, the '752 Patent, the '726 Patent, and the '239 Patent under at least the provisions of 35

1  U.S.C. § 271(a) and/or (c);

2      B.    An order enjoining Defendant and all affiliates, subsidiaries, officers,

3  employees, agents, representatives, licensees, successors, assigns, and all those

4  acting in concert with, or for or on behalf of Defendant, from infringing the '742

5  Patent, the '957 Patent, the '331 Patent, the '805 Patent, the '628 Patent, the '752

6  Patent, the '726 Patent, and the '239 Patent;

7      C.    An order awarding the Plaintiffs damages resulting from Defendant's

8  patent infringement pursuant to 35 U.S.C. § 284 together with prejudgment and

9  post-judgment interest on the damages;

10      D.    Trebling of damages under 35 U.S.C. § 284 in view of the willful and

11  deliberate nature of Defendant's infringement of the patents at issue in this

12  litigation;

13      E.    An order awarding the Plaintiffs their costs and attorney's fees under

14  35 U.S.C. § 285.

15      F.    Any and all other relief, in law or in equity, as the Court deems just,

16  equitable or appropriate.

17

18  DATED:  April 4, 2016

                                 Respectfully submitted,

19

                                 **PERKINS COIE LLP**

20

21                                   By: */s/ Michael J. Wise*

22                                      Michael J. Wise

23                                   Attorneys for Plaintiffs

24                                   *FONTEM VENTURES B.V.* and
                                 *FONTEM HOLDINGS 1 B.V.*

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2          Plaintiffs Fontem Ventures and Fontem Holdings hereby demand a trial by

3 jury of all issues triable by a jury.

4 DATED:  April 4, 2016

5                                                      **PERKINS COIE LLP**

6                                                      By: _/s/ Michael J. Wise_

7                                                           Michael J. Wise

8                                                      Attorneys for Plaintiffs
                                                       *FONTEM VENTURES B.V.* and
9                                                      *FONTEM HOLDINGS 1 B.V.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28